Herbert E. Henion, J.
The defendant appeals from a judgment of the Court of Special Sessions of the Town of Eamapo convicting him of speeding in violation of subdivision (j) of regulation 3 of the Palisades Interstate Park Commission. Subdivision (j) of regulation 3 fixes a maximum speed limit of 40 miles per hour on any park road or parkway. In this case the defendant is charged with speeding in a northerly direction on the Palisades Interstate Parkway in such town at a speed of 60 miles per hour for a distance of 2.6 miles.
It was stipulated at the trial that the defendant was driving his automobile 60 miles per hour in a zone marked 40 miles per hour. In his affidavit on appeal the defendant contends (1) that subdivision (j) of regulation 3 is an unreasonable, arbitrary and capricious exercise of police power and as such should not be enforced, and (2) that such regulation was enacted by the Palisades Interstate Park Commission under an unconstitutional delegation of legislative power in violation of section 1 of article III of the New York State Constitution.
It appears that the Palisades Interstate Park Commission was created by interstate compact between New York and New Jersey. The compact was authorized by the New York State Legislature by chapter 170 of the Laws of 1937, and similarly *679 authorized by the Legislature of the State of New Jersey by chapter 148 of the Laws of 1937. The compact was approved by joint resolution of Congress adopted August 19, 1937 (37 U. S. Stat. 719). The commission, which is “ a body corporate and politic with the name and style of ' Palisades Interstate Park Commission ’ ” (L. 1937, ch. 170) consists of 10 members, of which there are 5 citizens and residents of the State of New York and 5 citizens and residents of the State of New Jersey. Part 9 of article 16 of the Conservation Law implements the compact and prescribes the jurisdiction, powers and duties of the commission with respect to the lands, parks and parkways in this State under its jurisdiction. Section 745 of that statute provides that the Palisades Interstate Park Commission, “ a body corporate and politic established by compact between the states of New York and New Jersey * * * shall continue in the division of parks in the conservation department in so far as lands in Palisades interstate park lie within this state ”. Section 748 of that statute, among other things, authorizes the commission to make rules for the use and government of lands, parks and parkways under its jurisdiction, and prescribes that a violation of any such rules shall constitute a misdemeanor and shall be punishable as provided therein. However, with respect to violation of the commission’s rules or regulations governing or regulating traffic on parkways or park roads, section 678 of the Conservation Law makes such violation a traffic infraction and expressly declares that such is not a crime.
The court will now pass to the first contention of the defendant that subdivision (j) of regulation 3 is an unreasonable, arbitrary and capricious exercise of police power and as such should not be enforced.
When an ordinance or regulation is within the power of the body which passed it, the presumption is that it is reasonable and just. (People ex rel. Knoblauch v. Warden, 216 N. Y. 154.) This court is not disposed to hold that the instant regulation is unreasonable on its face.
The only testimony in the record is that apparently of the defendant himself, substantially with respect to the physical design of the parkway in question. Nothing appears in the record as to the qualifications or expertise of the witness with respect to the relation of such design to engineering principles and safety. On the basis of the testimony this court cannot conclude that the commission acted unreasonably, arbitrarily and capriciously in adopting the speed regulation. The proof *680 here does not compel the conclusion that the regulation exceeded ‘ ‘ the limits of good judgment and discretion ’ ’ which are invested in the commission. (See Commissioners of Palisades Interstate Park v. Lent, 240 N. Y. 1, 7.) The burden of showing the unreasonableness from evidence is on the person asserting it. (People ex rel. Knoblauch v. Warden, supra.)
The court does not find it necessary to substitute its judgment for that of the commission in its determination of what is reasonable.
The court will not proceed to consider the second contention of the defendant, to wit, that subdivision (j) of regulation 3 was enacted under an unconstitutional delegation of legislative power.
As previously pointed out, the commission is a body corporate and politic. It is contended by the defendant that the Legislature has delegated authority to a commission of 10 members, over 5 of whom this State has absolutely no control since they are citizens and residents of the State of New Jersey, appointed by tbe Governor of New Jersey with the consent of the Senate of that State; and that the concurrence of at least one commission member who must be a citizen and resident of New Jersey is necessary in order to define an act in the nature of a criminal offense by a resident and citizen of this State committed within the borders of this State and punishable in our courts.
Apparently, the defendant does not contend that the power to adopt the speed regulation was not in terms given to the commission by our Legislature. True, the Legislature could not delegate to the commission, irrespective of the residence of its members, a legislative function such as the definition of a substantive criminal offense. (See People v. Malmud, 4 A D 2d 86, 91.) Here, however, the Legislature has not delegated to the commission “ the power to define crimes and to prescribe the punishment therefor”. The statute (Conservation Law) makes a violation of a rule of the commission a misdemeanor (§ 748) and in certain instances a traffic infraction (§ 678). The commission is authorized to make rules and regulations within the limitations prescribed. This does not constitute an invalid delegation of legislative power within the meaning of section 1 of article III of the New York State Constitution. (People v. Malmud, supra; United States v. Crimaud, 220 U. S. 506; Darweger v. Staats, 267 N. Y. 290.)
The power to make rules for the use and government of the park and parkways was not given to individual residents or *681 citizens as such, but to an interstate agency duly created by the Legislature under a compact with the State of New Jersey and with the approval of Congress, as a body corporate and politic, with authority to act as a board. This delegation of power to an administrative body to make rules has been recognized by the courts. See Dyer v. Sims (341 U. S. 22, 30) in which there was a compact involving delegation to an interstate agency of the power to make rules and in which the delegation was upheld as “ one of the axioms of modern government "„ (See, also, City of New York v. Willcox, 115 Misc. 351; Linehan v. Waterfront Comm. of N. Y. Harbor, 116 F„ Supp. 683, affd. 347 U. S. 439.) To make the violation of the adopted rule or regulation of the agency a crime or an infraction is not a delegation of legislative power. (Darweger v. Staats, supra; People v. Malmud, supra; United States v. Grimaud, supra.)
On both the law and facts of this case, the court concludes that the contentions of the defendant with respect to the regulation admittedly violated by him must fail.
The judgment of the Court of Special Sessions is affirmed. An order may be entered accordingly.