Milton A. Wilts®, J.
A trial by jury was held before Honorable Feed Huntley, Justice of the Peace, of the Town of Champion, and resulted in a verdict of guilty against the defendant, upon a charge of violation of subdivision 5 of section 70 of the Vehicle and Traffic Law. Entry of judgment and sentence thereunder was thereafter made on September 4, 1958.
The People introduced testimony of the two arresting officers, to the effect that in the opinion of each of said officers, the defendant was intoxicated at the time of the occurrence of the incident alleged in the information.
As further proof of intoxication, the People relied upon the evidence of a chemical test of blood taken from the defendant within two hours after his arrest, by a duly qualified physician. An analysis of the blood thus taken was later made by a qualified chemist and toxicologist, Sergeant Ornello Rinaldi, of the State Police Laboratory at Albany, New York. The analysis showed an alcoholic content of .16 of 1% of alcohol by weight, in the defendant’s blood. Under subdivision 5 of section 70 of the Vehicle and Traffic Law, this content of alcohol in the blood, if properly in evidence, would be prima facie evidence that the defendant was in an intoxicated condition.
The defendant sets forth several grounds as a basis for his contention that the conviction should be reversed. The only ground here considered is one of law relating to the blood test.
The testimony of the physician who extracted the blood from the defendant was to the effect that the defendant’s arm was swabbed with alcohol, that the alcohol was cleaned off, but that it would be possible for some of the alcohol to remain on the defendant’s arm, and to enter the needle used, and the vial or container in which the substance extracted was placed.
The testimony of the toxicologist was to the effect that the use of alcohol before the taking of blood, was not a recommended State Police procedure; and that a small amount of alcohol used to cleanse the skin, even a fraction of a drop, would “ shoot the concentration way up or an infinitesimal amount could affect the tests; if such alcohol entered the needle and vial with the blood extracted from the defendant at the time of the taking of the same; and that a small amount of alcohol taken from outside the blood, and becoming a part of the sample submitted to him, would show a higher concentration than was actually in the blood of the defendant.
*183 The testimony of the physician and of the toxicologist read together causes the conclusion to be reached, that it was possible for some of the alcohol placed on the arm of the defendant, to have become mixed with the blood withdrawn from the defendant’s arm, and would have affected the result of the test. Such a possibility, where the prima facie evidence of intoxication only exists when there is .15 of 1%, or more, by weight, of alcohol in the blood, is of primary importance here, because the finding was that there was .16 of 1% by weight, of alcohol in the blood.
The scientific basis of the value of the test was impaired by the possibility of some of the alcohol having become mixed with the blood and therefore the result of the test is subject to a reasonable doubt. (People v. Ward, 14 Misc 2d 518.)
Error prejudicial to the substantial rights of the defendant occurred in the admission of the result of the blood test in evidence. The jury may well have been influenced by the apparent authority of the test, even though there was opinion evidence of intoxication before the jury. There is no way to determine here whether the verdict of the jury was based on the opinion evidence, on the results of the blood test, or on both. Had the result of the test been excluded, and it is here held that it should have been excluded, as a matter of law, the jury might have arrived at a different result. Whether the jury would have done so is not known, of course. (People v. Marsellus, 2 N Y 2d 653.)
Under the circumstances, the judgment is reversed, on the law, and a new trial is ordered before the Honorable Feed Huntley, Justice of the Peace, of the Town of Champion.
The District Attorney is respectfully requested to prepare an order in accordance with the above and to serve a copy of the same upon the attorney for the defendant.