Herbert E. Henion, J.
The defendant appeals from a judgment [Oet. 13, 1960] of the Court of Special Sessions of the Town of Clarkstown [Johh A. Steeax, J.] convicting bim of advertising without a permit in violation of rule 13 of the Rules and Regulations of the Palisades Interstate Park Commission.
The rule in question reads as follows: ‘ ‘ 13. Advertising prohibited. No person shall, without a permit from the commission, post, paint, affix, distribute, hand out, deliver, place, cast or leave about, any bill, billboard, placard, ticket, handbill, circular or advertisement; display any flag, banner, transparency, target, sign, placard, or any other matter for advertising purposes; or operate any musical instrument or drum, or cause any noise to be made, for advertising purposes, or for the purpose of attracting attention to any exhibition, performance or show, or for any other purpose.” (6 NYCRR 261.10.)
Under rule 1(a) of said Rules and Regulations, the term “park” includes “parkways, park roads, bridges * * * and also entrances and approaches thereto”; and the term I ‘ parkway ’ ’ includes the ‘ ‘ paved roadways, access drives * * * and other areas within the right-of-way of the parkway.” (6 NYCRR 260.1.)
Under rule 2(b) of the said Rules and Regulations there is prescribed the territorial scope within which such Rules and Regulations shall be effective. This rule reads as follows: II Territorial Scope. All Palisades Interstate Park Commissi orí rules and regulations shall be effective within, above and upon all lands, parks and parkways under the jurisdiction of the commission in the counties of Orange and Rockland and shall regulate the use thereof by all persons.” (6 NYCRR 260.2.)
. While the defendant’s affidavit on appeal raises several errors, in his brief he contends substantially that the People have failed to prove a prima facie case and that while the regulation in question is reasonable and within the commission’s power if applied to vehicles traversing the parkway, the commission has exceeded its jurisdiction by extending the rule to a road which passes over the bridge above the paved parkway, which the defendant claims is owned or controlled by the County of Rockland without the jurisdiction of the commission; and that the manner of its exercise was in contravention of the equal protection clauses of the Federal and State Constitutions.
It appears that at the time of the alleged violation on July 31, 1960 the defendant was sitting behind the wheel of a car which was standing on the said parkway bridge which conveys North Middletown Road over the parkway, at Exit 10. The car was facing south on the north end of the bridge. On the rear of the *57 car there was a sign “ESCORT CAR TO MIRROR LAKE HOMES.” The patrolman (the complaining witness) while traveling southbound on the parkway saw the car in which he later found the defendant, parked on the said parkway bridge and 15 or 20 minutes later when returning north on the parkway the witness again saw this ear in the same location and proceeded thereto, where the summons was issued. The sign in question was not visible from the paved portion of the parkway below.
It appears that in the morning of that day at the same exit and within the boundaries of the parkway, the patrolman came across three signs with an arrow pointing in the direction of Mirror Lake Homes, and that he went over to Mirror Lake Homes where he spoke to the person in charge of advertising. It further appears that at approximately 12:30 p.m. on the same day the patrolman had similarly come upon the defendant whose vehicle was parked at the same exit, on Church Road, on the northerly side of the parkway, that on the hack of the vehicle there was a sign, “ ESCORT CAR TO MIRROR LAKE HOMES ” and that the defendant was issued a written warning for advertising within the property lines of the parkway in violation of the Rules and Regulations and was informed that if there was any further violation he would he given a summons. It further appears that an advertisement of Mirror Lake Homes appeared in the New Torh Herald Tribune on July 31, 1960, the morning of the alleged offense. This advertisement gave directions from the George Washington Bridge to the site of Mirror Lake Homes, through use of the Palisades Interstate Parkway. In the advertisement there appeared, among others, the words “ Look for Escort Cars at Pkwy. Exit 10.”
People’s Exhibit 2 shews the boundary lines of the parkway at Exit 10 and the entrance and exit drives to and from the parkway, as well as the parkway bridge carrying North Middle-town Road over and above the pavement of the parkway — all of which lie within the parkway right of way. The bridge was built for the Palisades Interstate Parkway by the Department of Public Works of the State of New York and is owned and maintained by the said Palisades Interstate Park Commission. In fact, everything shown on People’s Exhibit 2 (except the pavement of the parkway strips) was built by the Department of Public Works for the Park Commission.
There is testimony that the road known as North Middletown Road which was changed in grade or elevation was never turned over to the County of Rockland. In fact, North Middletown Road, which existed prior to the building of the parkway and bridge, was closed to traffic in December, 1953 and while the *58 parkway bridge was being constructed, and reopened to traffic in December, 1954. However, North Middletown Road appears on the road map of Rockland County (defendant’s Exhibit A) as a county road.
The claim of the defendant that the People have failed to establish its case beyond a reasonable doubt is not substantiated by the evidence and therefore the errors assigned in the affidavit on appeal and designated in paragraph “3” as “(A)”, “ (0) ”, “ (D) ”, “ (E) ” and “ (F) ” are without basis.
The court is also of the opinion that the information sufficiently charges the offense herein and the alleged error designated in paragraph “3” “ (J) ” of the affidavit on appeal is not well founded.
It is claimed by the defendant in his affidavit on appeal (par. “ 3 ” “ (B) ”) that the People failed to establish that the regulation in question was duly and regularly adopted, enacted, published and posted, and failed to introduce into evidence the said regulation. Examination of the record reveals that the only objection raised with regard to the Rules and Regulations was that they were not introduced in evidence and that the law requires “ they be properly attested to by either the Secretary of the Commission or be attested in some other manner.” The return of the Justice states that he took judicial notice of such Rules and Regulations. The court does not find any indication in the record that an issue was raised by the defendant as to due adoption thereof. That the record indicates limitation of the objection to the failure of the People to introduce into evidence the rule which the defendant was convicted of violating is borne out by the argument urged in the defendant’s brief at pages 8 and 15. This court feels that, at least in the absence of an issue, the trial court could properly take judicial notice thereof. (Civ. Prac. Act, § 344-a, subd. 4.)
The defendant further contends that the regulation under which the defendant was convicted is invalid, the same being unreasonable, unfair and discriminatory, and that the enforcement thereof is extended to an area without the jurisdiction of the Palisades Interstate Park Commission, namely, a county road. (See affidavit on appeal, par. “ 3 ” “ (II) ” and 11 (I) ”.) However, the defendant at one point in his brief (p. 8) states that the ‘ ‘ regulation, if applied to vehicles traversing the parkway, is reasonable and eoncededly within the Commission’s rule-making powers.”
In considering reasonableness there must be borne in mind the purpose of the park and parkway. The latter is not a commercial highway or expressway but an avenue of travel through *59 scenic and attractive surroundings for the enjoyment and recreation of its users.
Specific claim is not made that the Legislature has not the power to confer upon the Palisades Interstate Park Commission the right to make rules for the use and government of the park within its jurisdiction and of the highways within the boundaries thereof. Bather it is claimed that the instant rule is not within the grant or power given to the commission. The court is disposed to hold otherwise. Reference is made to part 9 of article 16 (§§ 745-762, inclusive) of the Conservation Law, which specifically governs the Palisades Interstate Park Commission, and also section 678 of such law, under which any regional State Park Commission (including Palisades Interstate Park Commission) is authorized and empowered to make or adopt suitable rules, regulations or ordinances for the proper exercise of its powers and duties and for the government and use of the public reservations under its care and to enforce observance thereof.
The term “ park ” as used in part 9 of article 16 of that law is defined in section 762 thereof as deemed ‘ ‘ to include all lands, parks and parkways in this state, entrances and approaches thereto, and all roads, pathways, boulevards, docks, piers and bridges in, leading to or connecting such lands, parks or parkways or parts thereof ’ ’.
Matters of advertising have become the subject of legislation in the various States. In this State, an illustration of the extent thereof may be found in the statute governing park commissions (Conservation Law, § 675) and in the statute relating to the New York State Thruway Authority (Public Authorities Law, § 361-a).
The police power is a broad, flexible and inherent process of government adapted to meet the changing demands of and to secure the general welfare and safety of the State and its citizens. (Matter of Wulfsohn v. Burden, 241 N. Y. 288; New York State Thruway Auth. v. Ashley Motor Ct., 12 A D 2d 223* ; Commissioners of Palisades Interstate Park v. Lent, 240 N. Y. 1.) It is well settled that advertising is a proper subject for the exercise of police power. (New York State Thruway Auth. v. Ashley Motor Ct., supra; Cusack Co. v. City of Chicago, 242 U. S. 526; Fifth Ave. Coach Co. v. City of New York, 221 U. S. 467, affg. 194 N. Y. 19; Perlmutter v. Greene, 259 N. Y. 327.) The limitation is that due process demands that the enactment or rule be not unreasonable or arbitrary and that it be reason *60 ably related to the cause to be corrected. An enactment valid when made may as the result of later events or facts become invalid and, on the other hand, that which would be invalid at one time may later become valid in a changed setting. (New York State Thruway Auth. v. Ashley Motor Ct., supra; Defiance Milk Prods. Co. v. Du Mond, 309 N. Y. 537.) It cannot be successfully argued that the control of advertising along highways is not necessary to public safety. As pointed out in Schulman v. People (11 A D 2d 273, 275) advertising can be ‘ ‘ so ingeniously contrived as to succeed in its purpose of winning the attention of drivers of motor vehicles ” and by resulting distraction affect public safe driving, ‘ ‘ increasing * * * the hazards of the road.” (See, also, Perlmutter v. Greene, supra, New York State Thruway Auth. v. Ashley Motor Ct., supra.) In addition to public safety there is also present in this case the factor of preservation of scenic attractiveness. The remedy here enacted is, in the opinion of the court, reasonably related to the cause to be corrected.
Much point has been made by the defendant that the Palisades Interstate Park Commission in the instant case is extending its jurisdiction to a county road, although it is not disputed that the portion of the road in question (North Middletown Road) is within the boundaries of the park lands. If it is assumed that this road is a county highway, the court finds that the Legislature has expressly provided “ it shall be the duty of the commission to preserve, care for, lay out, improve and protect the portions of said park in this state and to make rules for the use and government of the same, and of such parts of state, county and other public highways as lie along or within the boundaries of such portions of the park, and of all lands, parks and parkways in this state under the jurisdiction of the commission ” (Conservation Law, § 748; emphasis supplied). The forerunner of this statute (L. 1900, ch. 170, § 5, and acts amendatory thereof) containing, in substance, the pertinent words of the present statute was before the court in Commissioners of Palisades Interstate Park v. Lent (240 N. Y. 1, supra). In that case, the right of the commission to prohibit the use of automobiles on highways located in the park, except under a permit of a restricted character, was upheld.
When an ordinance or regulation is within the power of the body that passed it, the presumption is that it is reasonable and just. (See People ex rel. Knoblauch v. Warden, 216 N. Y. 154; People v. Kantrowitz, 10 Misc 2d 677 [a case decided by this court involving a speed regulation of the same commission].) Here as stated in the latter case (p. 680) the proof *61 “ does not compel the conclusion that the regulation exceeded ‘ the limits of good judgment and discretion ’ which are invested in the commission.” The burden of showing unreasonableness in on the person asserting it. (People ex rel. Knoblauch v. Warden, supra.)
The court is not prepared to hold that the instant regulation prohibiting signs for advertising purposes without first obtaining a permit is unreasonable on its face. In the court’s opinion, the record does not establish it to be unreasonable or arbitrary. Nor does the court agree with the contention that the rule amounts to interference with other governing authorities. Attention is again directed to the statute (Conservation Law, § 748), with which the regulation seems consonant, and to Commissioners of Palisades Interstate Park v. Lent (supra).
The necessity and advisability of an ordinance or regulation is for the legislative body to determine. As previously indicated, the presumption is in favor of such ordinance or regulation. (People ex rel. Knoblauch v. Warden, supra. See, also, Fifth Ave. Coach Co. v. City of New York, 194 N. Y. 19, supra; Matter of Stubbe v. Adamson, 220 N. Y. 459.) The commission has determined to control commercial activities, such as advertising, within the area of the State park. The court does not find it necessary to substitute its judgment for that of the commission in the determination of what is reasonable.
The court finds in the record evidence indicating that the vehicle (in which the defendant was sitting) was parked and remained so for a period of time on the bridge within the boundaries of the parkway. It could well have been found by the trial court that the sign was used to attract the attention of persons using parkway Exit 10 (within the boundaries of the parkway) pursuant to a plan of the defendant’s employer. The trial court was justified in concluding that the sign was displayed for advertising purposes within the prohibition of rule 13. As previously pointed out, the existence of a county road within the limits of the parkway would not prevent the operation of the rule violated. Furthermore, the road here (North Middletown Road) passes over the parkway bridge. The territorial scope of the effectiveness of the Rules and Regulations of the commission has been previously mentioned (rule 2(b) [6 NYCRR 260.2]), and the definition of “park” and “ parkway ” contained in rule 1(a) (6 NYCRR 260.1) has been recited. Apart from this, there are the provisions of the legislative act (Conservation Law, §§ 748, 762).
The defendant further argues that the enforcement of the regulation violates the provisions of the Vehicle and Traffic *62 Law which at the time of the instant offense were contained in section 54 (now § 1604, prohibiting local authorities from passing, enforcing or maintaining any ordinance, rule or regulation requiring from any owner, operator or chauffeur a license or permit for the use of the public highways, or excluding any such owner, operator or chauffeur from the free use of such public highways) and in section 1600 (prohibiting enactment or enforcement of any local law, ordinance, order, rule or regulation in conflict with the provisions of the Vehicle and Traffic Law unless expressly authorized therein). Suffice it to say that section 1630 of the Vehicle and Traffic Law, in effect at the time of this offense, authorized a regional State Park Commission by ordinance, order, rule or regulation to prohibit, restrict or regulate traffic on any highway under its jurisdiction and provided that such ordinance, order, rule or regulation should supersede the provisions of the Vehicle and Traffic Law where inconsistent or in conflict with respect to certain enumerated subjects, among which is specified “ commercial activities ” (subd. 8).
In his affidavit on appeal (par. “ 3 ” “ (G) ”), defendant contends that his conviction violates his rights granted by the State and Federal Constitutions in that he has been denied equal protection of the laws resulting from arbitrary enforcement of the regulation and failure to treat all those similarly situated in the same manner. The court does not find that the record supports this contention. It is true that administrative action should operate indiscriminately. However, there is not sufficient evidence in the record showing that other similar violations existed in fact and that other persons similarly situated were permitted to violate the rule or that the park police failed systematically to enforce the rule against all members of the class affected by it. (See Yick Wo v. Hopkins, 118 U. S. 356; Hague v. Committee for Industrial Organization, 101 F. 2d 774; Matter of Hooker v. Conte, 208 Misc. 188.) Failure to make arrests or to file complaints over a period of time is not in itself sufficient in this respect. Violations could have been absent.
The remaining contention of the defendant that he should have been prosecuted by the District Attorney or by the Attorney-General (affidavit on appeal, par. “ 3 ” “ (K) ”) is without merit. At the opening of the trial the record indicates that counsel appeared for the Palisades Interstate Park Commission and for the People with the consent of the District Attorney. Appearance by this attorney, who is counsel for the Palisades Interstate Park Commission, was not objected to by counsel for the defendant. Furthermore, under the authorities, prose *63 cution by attorneys other than the District Attorney or Attorney-General is not unlawful and does not affect the validity of the conviction. (See People v. Wyner, 207 Misc. 673; People v. Schildaus, 4 N Y 2d 883; Matter of Johnson v. Boldman, 24 Misc 2d 592; People v. Douglas, 16 Misc 2d 181.)
On both the law and the facts of this case, the court concludes that the contentions of the defendant must fail.
The judgment of the Court of Special Sessions is affirmed. An order may be entered accordingly.

 Affd. 10 N Y 2d 151, July 7, 1961.