George M. Fanelli, J.
This action, tried before the court without a jury, is brought by plaintiffs pursuant to article 15 of the Real Property Law, or, in the alternative, for a declaratory judgment declaring their rights as alleged abutting owners to a certain road located in the Town of Clarkstown, Rockland County, known as West Clarkstown Road. Plaintiffs, owners of land having a 900-foot frontage abutting a 35-foot marginal area of land owned by defendant Palisades Interstate Park Commission, seek to compel the commission to permit them to cross over this area from any portion of their land onto said West Clarkstown Road owned and constructed by the commission and used as an access to and from the Palisades Interstate Parkway and also as a connecting road between two county highways.
Certain material facts are undisputed.
In 1937 defendant Palisades Interstate Parkway Commission was created by an interstate compact between New York and New Jersey, authorized first by the Legislatures of New York and New Jersey, and then approved by Congressional Resolution (N. Y. Sess. L. 1937, ch. 170; N. J. Stat. 1937, ch. 148; Congressional Resolution of Aug. 19, 1937, ch. 706 [75th Cong., 1st Sess.]).
The purpose of the compact was to provide for continued co-operation: “in the establishment and maintenance of an interstate park along the front of the Palisades in said states and in the mountainous lands in Rockland and Orange counties
*103 Among other things, the two States undertook the following obligations: “ The parties hereto do hereby agree to and pledge, each to the other, faithful cooperation in the future planning, improvement, development, maintenance, government and management of the park, holding in high trust for the benefit of the public the special blessings and natural advantages thereof.” (Campact, art. I.)
Section 748 of the Conservation Law provides for some of the duties of the commission in the following terms: “ it shall be the duty of the commission to preserve, care for, lay out, improve and protect the portions of said park in this state and to make rules for the use and government of the same, and of such parts of state, county and other public highways as lie along or within the boundaries of such portions of the park, and of all lands, parks and parkways in this state under the jurisdiction of the commission * * * the commission shall have power also to lay out, construct and maintain roads, pathways, boulevards, ways and parkways upon, across and over the portions of said parks in this state, or between and connecting any portion of said park in this state and any other portion thereof in this state or in the state of New Jersey, or between and connecting any such roads, pathways, boulevards, ways and parkways within said park with other public roads or parkways outside of and adjacent thereto, and for these park purposes to acquire by purchase, gift, devise or eminent domain any lands in this state and any rights, interests and easements therein”.
Consistent with such duties so imposed the Legislature defined the term “ park ” in section 762 of the Conservation Law: “ The terms park or parks as used in this part of this article, unless specially limited, shall be deemed to include all lands, parks and parkways in this state, entrances and approaches thereto, and all roads, pathways, boulevards, docks, piers and bridges in, leading to or connecting such lands, parks or parkways or parts thereof and such other rights and appurtenances as the commission shall utilize for the purposes of this part of this article, which now or may hereafter be owned by the commission or under its jurisdiction and control ”.
Under section 260.1 of the Rules and Regulations of the Palisades Interstate Park Commission, which, in the absence of any issue, this court can take judicial notice (Civ. Prac. Act, § 344-a, subd. 4), the term “park” includes “parkways, park roads, bridges, spurs, open spaces and boulevards, and also entrances and approaches thereto ” and the term “ parkway ” includes the 1 ‘ paved roadways, access drives * * * and other areas *104 within the right-of-way of the parkway ” (6 NYCRR 260.1; italics supplied; see People v. Apostle, 30 Misc 2d 55).
In 1946 defendant commission began acquiring lands for the purpose of constructing the main line of the Palisades Interstate Parkway and for suitable access, service and marginal roads used in connection therewith and in keeping with its over-all park purposes mandated by the Legislature. At that time William R. Katt and Bertha Katt, his wife, were the owners of approximately 18 acres of land located at the then southwest corner of G-erke Road and North Middletown Road. In 1947 they voluntarily sold therefrom to defendant commission for the sum of $21,200 a “ triangular ” parcel of 7.97 acres at said corner with the result that they retained to themselves an area of about 9.92 acres with a small amount of frontage on Gerke Road and a 16.58-foot wide means of access leading therefrom to the remaining portion of said Gerke Road at the northwest corner of their property. In 1955 these remaining 9.92 acres of land were by mesne conveyances acquired by plaintiffs. However, between 1953 and 1955 defendant commission caused to be constructed on said “ triangle ” (purchased from Mr. and Mrs. Katt) by the State Department of Public Works, a part of the Palisades Interstate Parkway mainline, two cloverleaf approaches or ramps used for ingress and egress to and from the southbound lanes of the Parkway, and a road (now called West Clarkstown Road) tangential to the two cloverleaf approaches, which in its dual capacity also serves to permit the flow of traffic for those who wish to go from the remaining portion of the old Gerke Road to North Middletown Road (both county roads). This stretch of land (North Clarkstown Road), approximately 1,139.35 feet in length, runs approximately parallel to the base of the “ triangle ” in front of plaintiffs’ land a distance of some 900 feet and is separated from their land by a marginal area or right of way of about 35 feet in width through most of its. length. It is the nature of this particular piece of road which is the pivotal issue upon which this decision hinges.
It is plaintiffs’ prime contention in this lawsuit that their land is adjacent and contiguous to and abuts said West Clarkstown Road; that this road is a public highway; and that they have accordingly the right of access to and from any portion thereof. They contend, inter alia, that instead of dead-ending Gerke Road at the point intersected by the land developed by the commission for the Parkway, the commission elected to “relocate” that portion of Gerke Road necessarily eliminated by the construction of the Parkway. This so-called “ relocated ” Gerke Road, argue plaintiffs, now bears the name of West Clarkstown Road *105 (as does the remaining portion of the old G-erke Road) and as such, must of necessity provide all the essential services requisite of a highway such as the pre-existing Gerke Road performed. Plaintiffs also point to the fact that the visual appearances and physical construction of West Clarkstown Road, with its distinctive and indicative white lines, its bituminous macadam texture (as distinguished from the Portland cement of the Parkway mainline), and the commercial and pedestrian use to which it may be put (as distinguished from the limited permitted uses of the Parkway mainline) are all indicative of an alleged intention on the part of the commission to consider said road a public highway rather than a park road; and that while the land may have been purchased ostensibly for parkway purposes, it is in fact used to relocate a public highway and thus becomes impressed with a highway use. Finally, plaintiffs call the court’s attention to the provisions of section 676 of the Conservation Law which they claim were specifically intended by the Legislature to permit the commission to acquire land so as to provide ingress and egress to a public road or to provide marginal or service roads in those cases where parkway construction results in premises being cut off from access to a public road. An ‘ ‘ access road ’ ’, say plaintiffs, means a roadway that provides access for one or more abutting properties to a public highway rather than a public highway itself. In conclusion, plaintiffs urge that the road in question, to wit, West Clarkstown Road, is not an “ access road ” which affords only limited services of ingress and egress to a public highway, but rather is a public highway, and that consequently they are entitled as a matter of law to cross over their adjoining neighbor’s (commission’s) property consisting of a 35-foot marginal area or right of way in order to gain access to and from any portion thereof.
Needless to say, defendants take issue with plaintiffs. Besides arguing that plaintiffs ’ proper remedy in seeking to gain access to West Clarkstown Road is by way of an injunction action rather than one under article 15 of the Real Property Law or for a declaratory judgment, defendants contend in substance that the entire tract of land purchased from Katt in 1947 is park property; that the Katt deed to the commission for the 7.97 acres of land did not contain any reservations as to future additional access to Gerke Road or to that portion of the land which is now known as West Clarkstown Road (the subject of this action) and that no easement of access in favor of Katt resulted from such voluntary conveyance and sale either expressly or impliedly; that the commission in keeping with the broad powers and duties outlined by the Legislature can determine the physical *106 bounds of access drives and entrances to park property; that no part of West Clarkstown Eoad ever or now abuts or is contiguous to plaintiffs’ land particularly because of the commission’s intervening 35-foot marginal area or right of way; that the erection of the fence along the common boundary line between plaintiffs’ and the commission’s land has done nothing to prejudice plaintiffs’ rights; and, finally, that the commission’s refusal to permit access to West Clarkstown Eoad results not only from a public policy looking to minimize traffic hazards but also is in keeping with its trust and pledge to the State of New Jersey outlined in their 1937 interstate compact.
The court is of the opinion that the position taken by plaintiffs in this action is untenable and cannot be sustained. The difficulty with plaintiffs’ major premise, their arguments and presentation of legal precedents throughout this entire lawsuit, stems from the fact that they insist upon calling the involved portion of West Clarkstown Eoad a general public highway or a “relocated” county road. While it is true that in some instances defendants’ employees have on the Parkway construction plans referred to West Clarkstown Eoad as “ relocated Gierke Eoad ”, yet, in other instances it has been referred to as an “ access drive” and “ access road ”. In this connection the court is of the view that in the final analysis neither legend can, as a matter of law, bind the commission to the extent of bestowing upon or depriving in perpetuity a property owner of any property rights. It would seem that property rights, such as a right of access, should not and cannot be acquired or lost by mere legends or labels made by engineers, architects or surveyors for convenience, identification or reference purposes. Something more by way of formal authoritative resolutions is needed and, insofar as this case is concerned, plaintiffs have failed to call the court’s attention to any such resolution or other binding directive on the part of the commission.
In dealing with the fate of West Clarkstown Eoad the court cannot lose sight of the fact that the very land upon which this paved strip of road now exists was purchased by the commission for parh purposes. In the light of the Legislature’s extremely broad definition of a “ park ” (Conservation Law, § 762; Eules and Eegulations of the Commission, 6 NYCBB 260.1) and the comprehensive duties and powers of the commission in establishing and maintaining the Palisades Interstate Parkway (Conservation Law, § 748), and the solemn purposes of the Interstate Compact (Palisades Interstate Park Compact; L. 1937, ch. 170) the conclusion is inescapable that the 1,139.35 feet of West Clarkstown Eoad connecting Old G-erke Eoad and North Middle- *107 town Road, whether it be called a “relocated” county road, “ access drive”, “access road”, “ marginal ” or “service road ”, is just as much an integral part of the Palisades Parkway system as the mainline itself and the approaches thereto. West Clarkstown Road was not built along an old, established public highway, but has been constructed on a new location on lands acquired by the commission through a private sale (as distinguished from an appropriation or condemnation) solely and only for park purposes. West Clarkstown Road is a “ park ” or park facility — not a public highway — irrespective of the fact that it connects two county roads (old G-erke Road and North Middletown Road) and it may and is being used for travel by those who do not use the mainline facilities. It is crystal clear that the primary function of West Clarkstown Road is to afford access to and from the southbound lanes of the mainline itself as well as the eloverleaf approaches and marginal area or right of way. Such incidental or secondary so-called “ public” use does not as a matter of law deprive this stretch of road of its inherent park characteristics or change its status within the meaning of the Conservation Law. True it may be that a passageway for vehicles and pedestrians, such as a road which is the subject matter of this action may, under some conditions and according to definitions in some statutes (e.g., the Highway Law and the Public Authorities Law), be regarded as a public highway, but we are here dealing with a park and park roads, and, under the Conservation Law of the State of New York it is just as much a part as the dock, boulevard, pier or bridge (referred to in § 762) leading to or connecting such Parkway. The portion of West Clarkstown Road now under review was constructed under the provisions of the Conservation Law, not the Highway Law or Public Authorities Law, and is under the control and management of the Palisades Interstate Park Commission. The commission may make rules and regulations governing its use. The statute under which the parkway is authorized calls it a park and nothing else, and the strained and unrealistic arguments advanced by plaintiffs cannot change the peculiar and statutory nature of this constituent part of the Palisades Interstate Parkway.
The court should not disregard the fact that this Parkway was authorized and constructed for the convenience and benefit of the general public, in keeping with the pledge made by the State of New York in its compact with the State of New Jersey toward the “ improvement, development, maintenance, government and management of the park, holding in high trust for the benefit of the public the special blessings and natural advantages *108 thereof ’’ (art. I; emphasis supplied), and not for the convenience or individual benefit of a local property owner who already has access to a public highway.
Section 676 of the Conservation Law is of no help to plaintiffs. Plaintiffs’ predecessors (Katt), when they sold the 7.97 acres of land to the commission, never had any access to what is now known as West Clarkstown, no such access was reserved in their deed to the commission, and, consequently, they were not cut off from any such access as the result of the commission’s acquisition of this land. They had access to Gerke Road at the northwest corner of their property through a 16.58-foot corridor in 1947 and plaintiffs (present owners) still have in 1961 the same such access to old Gerke Road (or, as it is also now known, West Clarkstown Road). Furthermore, no factual showing has been made by plaintiffs that public convenience required that the subject portion of West Clarkstown Road be purchased and constructed into a road so that plaintiffs’ predecessors could have an additional access from the lands retained by them after the 1947 sale. What the commission may have done or may not have done for other property owners in the vicinity of the parkway by way of granting easements or reservations for ingress and egress does not enure to the benefit of these plaintiffs. While the commission may have the power under section 676 of the Conservation Law to acquire lands for the purposes urged by plaintiffs, nevertheless, there is nothing before this court to indicate that the portion of West Clarkstown Road in the vicinity of plaintiffs’ property was ever constructed for the purpose of affording them (or their predecessors in title) unrestricted access thereto from their land. Certainly, the intervening 35-foot marginal area or right of way between plaintiffs’ property line and the pavement strip, deliberately and intentionally designed, negatives any such intention on the part of the commission.
Fin a lly, the court has examined the case of People v. County of Westchester (282 N. Y. 224). This decision does not buttress plaintiffs’ position in the case at bar because Judge Conwat, in the majority opinion, was careful not to overturn what the Court of Appeals said some 13 years prior thereto in Matter of County of Westchester (246 N. Y. 314) regarding the parkway status (as distinguished from a public highway) of the Hutchinson River Parkway when dealing with section 90 of the Railroad Law. The fact that the majority of the Court of Appeals later on called the same Hutchinson River Parkway a public highway when dealing with an entirely different statute, to wit, Vehicle and Traffic Law, when confronted with the problem of collecting *109 tolls for vehicular travel, and employed certain arguments and language and referred to legal precedents in order to arrive at such determination, docs not aid plaintiffs in their endeavor in this case to convert a road, which is called a park by the Legislature in the Conservation Law, into a public highway so that they may have unlimited and unrestricted access thereto.
The remaining contentions and legal authorities urged by plaintiffs have been examined and are found, in the light of the afore-mentioned, to be inapplicable to the facts in this case.
There is no deceit, trickery or sham in this case on the part of defendants (as urged by plaintiffs in their brief) and, while this point is not in issue, there is no question about the fact that when plaintiffs purchased the land in question they were cognizant of the location of the property with respect to the parkway system and the 16.58-foot access to a public highway (old Gerke Boad) as it formerly and now exists.
In sum, therefore, the court is of the opinion that plaintiffs have failed to prove any cause of action against defendants and. their complaint is dismissed, but without costs.