Joseph M. O’Donnell, J.
Defendant is charged under the Rules and Regulations of the Long Island State Park and Recreation Commission for driving a camper pickup on a parkway in violation of subdivision (4) of section 415.6 (9 NYCRR 415.6 [e]) which says: "No pickup camper shall be permitted to use a parkway regardless of type of registration.”
Defendant, by way of defense, supplies a copy of registration registering the vehicle as "SUBN” and further the advice of the Department of Motor Vehicles, to wit: "7. If a camper body is attached to a truck, and the truck is not to be used as a separate unit, the vehicle should be registered in the passenger class, with a body type of SUBN. If the truck is ever used as a seprate unit, the registration should be in the commercial class, the body type PICK. If registered in the commercial class, the maximum gross weight should include the weight of the camper.”
The official source of this admonition remains unidentified. *755 Nevertheless, the vehicle has been duly registered passenger "SUBN” class.
By implication, since he has been advised to register his vehicle as a passenger vehicle, and since subdivision (c) of section 415.6 (9 NYCRR 415.6 [e]) states the "station wagons or suburban type passenger vehicles shall be permitted on parkways,” subject to certain regulations, defendant contends that the ordinance constitutes an unreasonable and arbitrary exercise of the State’s police power and a denial of due process and equal protection of the law.
Furthermore, subdivision (d) of section 415.6 (9 NYCRR 415.6 [d]) provides that:
"Recreation type vehicles, including small van type, Volkswagen, Econoline, etc., shall be permitted use of parkways providing they comply with the regulations specified in subdivision (c) of this section, have sidebody windows and are registered as passenger vehicles.”
Section 415.6 restricts the use of parkway to automobiles classed as pleasure vehicles, further excluding those used for carrying goods or commercial purposes.
Pedestrians, horses, small power propelled vehicles are excluded. That fits the general purpose expressed in paragraph (a), and the underlying purpose of safety and traffic control is apparent.
Other vehicles are allowed to use the parkway, subdivisions (c) and (d) of section 415.6 above, within limitations.
Taxis (f), outing buses (g), public omnibuses (h), trucks and trailers (i) are within certain limitations and certain circumstances allowed use of the parkway. Emergency vehicles (i) and (1), are permitted.
The only reference to any vehicle which is not allowed on the parkway for any reason, or under any circumstances, is the pickup camper. No reason is expressed for that exclusion. It is registered as a passenger vehicle. How it differs from station wagons, or small vans, or econoliners is not explained, nor is it expressed why the pickup camper is not allowed to use the parkway with the same limitations as apply to other "suburban type passenger vehicles.”
Based upon the foregoing, this court concludes that the regulation subdivision (e) of section 415.6 is arbitrary and unreasonable and therefore an unconstitutional denial of due process.
*756 The motion to dismiss is granted.