Harold Fertig, J.
Defendant was charged with a violation of subdivision (k) of section 415.6 of the Long Island State Parks and Recreation Commission Rules and Regulations (9 NYCRR 415.6 [k]). At the end of the trial, this court reserved decision on the defendant’s motion for a judgment, dismissing the information on the ground that the defendant was not guilty as a matter of law, and that the statute, subdivision (b) of section 1683 of the Vehicle and Traffic Law, is unconstitutional in that it deprives the defendant of due process of law.
The section in question provides, "415.6 Authorized vehicles * * * (k) Vehicles having any name insignia, or sign painted or displayed thereon for business or advertising purposes are *1059 prohibited on parkways except as provided herein. For purposes of identification, name and address only of the owner of the vehicle, on the side thereof, in letters not more than two inches in height, shall not be construed as being displayed for business or advertising purposes. Vehicles owned and operated by governmental agencies, buses permitted to operate on the parkways, and trucks permitted in accordance with subdivision (i) of this section, are excepted from the provisions of this subdivision.”
The defendant operated a passenger vehicle which had attached to its roof a sign advertising the election of a candidate for the Family Court in Nassau County. The only signs that were located at the entrance to the parkway and which the defendant saw stated, "Passenger Cars Only.”
Subdivision (a) of section 1683 of the Vehicle and Traffic Law provides, "No ordinance, order, rule or regulation made by any local authority under the powers conferred by this title shall be effective until signs or markings giving notice thereof are posted, except under such conditions as may be authorized in writing by the department of transportation or as otherwise provided in subsection (b) of this section, if the effect of such order, ordinance, rule or regulation is to: * * * 2. Prohibit, restrict or regulate the operation of vehicles on any controlled-access highway or the use of any controlled-access highway by any vehicle, device moved by human power or pedestrian.” Subdivision (b) of that section provides, "Such signs shall be required for orders, ordinances, rules, or regulations made by the New York state thruway authority, the office of parks and recreation * * * only insofar as such local authorities in their discretion may deem practicable.”
The New York State Constitution (art IV, § 8) provides "No rule or regulation made by any state department, board, bureau, officer, authority or commission, except such as relates to the organization or internal management of a state department, board, bureau, authority or commission shall be effective until it is filed in the office of the department of state. The legislature shall provide for the speedy publication of such rules and regulations, by appropriate laws.” There is a presumption that the Long Island Parks Commission obeyed this mandate and caused the ordinance in question to be filed (People v Goldstein, 43 Misc 2d 945) which gave it the effect of law (Park Place-Dodge Corp. v Collins, 75 Misc 2d 25, affd 43 AD2d 910). The purpose of such filing is to put the public on *1060 notice of the existence of such a law where it can be found in one easily available central place (People v Cull, 10 NY2d 123, 128).
The defendant claims that because section 1683 of the Vehicle and Traffic Law gives the park commission the discretion to erect signs which regulate traffic insofar as it deems practicable, such provision is unconstitutional as being in violation of due process, an improper delegation of legislative power, a violation of freedom of speech and an unreasonable exercise of police power.
This court finds that the sign on top of the defendant’s vehicle was an advertisement and as such can be construed to be a distraction to drivers and affects the safety of the public in the use of the streets (People v Wendelken, 10 Misc 2d 442). The court in that case determined that such a regulation does not violate due process, citing People v Railway Express Agency (188 Misc 342, affd 297 NY 703, affd sub nom. Railway Express v New York, 336 US 106).
Since the operation of a motor vehicle is a privilege and not a right, the State may regulate the use of those highways under its police powers as a sovereign authority (People v McClean, 167 Misc 40) and the delegation of such a power to an administrative body is not a delegation of a legislative function but within its authority (People v Kantrowitz, 10 Misc 2d 677), and such regulation when adopted is presumed to be reasonable and just.
The case of People v Rutuelo (87 Misc 2d 754), cited by the defendant, is distinguishable from the case before this court. In the Rutuelo case, the regulation provided that no pick-up camper would be permitted on the parkway although other station wagons, small vans and other surburban-type vehicles were permitted. The regulation in the instant case did not restrict the limitation to a certain type of advertising but to any vehicle having any advertising, except for certain small lettering which would not be distracting to other motorists.
The Long Island State Parks and Recreation Commission cannot post signs for all of its ordinances, since that would be impractical. The regulation in question applied to all roads and highways subject to the commission’s control and is dissimilar to regulations such as speed regulations which may change from area to area within the network of roads under the commission’s control. In such case, it would be unreasona *1061 ble to expect a motorist to define the location of each changing speed regulation without the posting of signs.
The motorists using the roads and highways are on notice of the rules adopted by the Long Island State Parks and Recreation Commission since they are filed with the Secretary of State (NY Const, art IV, § 8). There was no improper delegation of legislative power or unreasonable exercise of the police power, nor was there a violation of due process or freedom of speech. Accordingly, the defendant’s motion to dismiss is denied.
At the end of the trial, this court reserved its decision and now finds the defendant guilty of the violation of subdivision (k) of section 415.6 of the Rules and Regulations of the Long Island State Parks and Recreation Commission.
Sentence is adjourned to December 17, 1976, at 9:30 a.m., Traffic Trials, Part I.