THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. M. JULIA RODGERS, Appellant.

County Court, Schenectady County, June 25, 1954.

*Jeremiah Hinden* for appellant.

*Emmet J. Lynch, District Attorney (George W. Stroebel, Jr.,* of counsel), for respondent.

LIDDLE, J. The information charges the defendant with the crime of assault, third degree, allegedly committed in the town of Glenville, Schenectady County, on or about the 23rd day of January, 1953, the complainant being one Evelyn Huiskes, of the same town.

The defendant appeared by counsel and entered a plea of not guilty and demanded a jury trial before the Justice of the Peace. The trial was held before the Justice of the Peace and a jury, on February 25, 1953, at the town hall in said town. The complainant appeared by her personal lawyer, Lauren W. Lillis.

From the testimony, consisting of 127 pages, it appears that there were marital conflicts existing between the complainant and the defendant which had been continuous for a substantial period of time. From the argument upon this appeal it appears

that this trial began approximately 7:30 P.M., on the night of February 25, 1953, and continued with little or no interruption until approximately two o'clock the following morning.

The record is replete with charges and countercharges of alleged infidelity against the complainant and defendant, much of which was received over strenuous objection by counsel for the defendant. In fact, the rulings of the Justice predominate in overruling counsel for the defendant's objections, while on the other hand, counsel for complainant's objections were generally sustained.

One of the objections raised by counsel for the defendant was that the District Attorney or assistant district attorney of the County of Schenectady should proceed with the trial of the cause on behalf of the complainant pursuant to section 700 of the County Law of the State of New York. One of the assistant district attorneys of the county was called by the Justice and after consultation with the Justice, the Justice overruled counsel for the defendant's objection and permitted complainant's personal attorney to proceed in prosecuting the charge. Counsel for the defendant on his argument before this court, urged this court that by reason thereof the defendant was not permitted to have a fair and impartial trial.

Counsel further argued that the Justice grossly erred when exhibits marked and designated as People's Exhibit Two and People's Exhibit One were offered and received in evidence over defendant's objection. Counsel for the defendant strenuously objected to the receipt of these exhibits on the ground that no proper foundation was laid and on the further ground that the assault occurred on the 23d day of January, 1953, while these photographs of complainant were taken on February 1, 1953, approximately eight days after the alleged assault and that no testimony was shown that complainant was in the same condition eight days after the assault had taken place. The Magistrate nevertheless overruled counsel for defendant's objection and received the exhibits, which ruling was highly prejudicial and violated a substantial right of this defendant.

Without quoting the voluminous testimony either on behalf of the People and People's witnesses or on behalf of defendant and defendant's witnesses, it appears conclusively that the defendant's guilt was not established as a matter of law, beyond a reasonable doubt, and it further appears on behalf of the People and the People's witnesses there was a lack of sufficient evidence to establish the defendant's guilt beyond a reasonable doubt.

It appears from the record that after approximately six hours, the case was submitted by the Justice to the jury and it is significant to note that at approximately 2:00 or 2:30 A.M., the jury retired and in a few minutes returned a verdict of guilty as charged. It can be clearly inferred from the record that at that late hour the jury was worn, tired and must have been without doubt, anxious to return to their homes and without careful and sufficient deliberation, with a record filled with bias and prejudice, rendered a verdict contrary to their own best judgment. This is a substantial illustration of why jury trials especially, held in the nighttime, should not be approved, for it violated the substantial right of the defendant and prevented the defendant from having a fair, unbiased and impartial trial.

This court is of the opinion that the guilt of the defendant was first not established by competent evidence and further, because of the lack of evidence, the defendant's guilt was not established beyond a reasonable doubt and further from the record it appears, notwithstanding the presiding Justice attempted to conduct the trial before the jury judiciously, yet, by reason of the fact that the case was tried by counsel for the chief complaining witness, who had an interest in attempting to secure a conviction, the defendant's substantial rights throughout the trial were violated.

Accordingly, the verdict of the jury is hereby reversed, the judgment and sentence of the court is vacated and set aside, the fine is remitted, the information dismissed and the defendant discharged. Submit order accordingly.