THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* NORMAN HENRY WYNER, Appellant.

County Court, Westchester County, March 18, 1955.

*Edward Handelman* for appellant.

*Samuel Faile, District Attorney (Miles B. Suchin* of counsel), for respondent.

FANELLI, J.  Defendant has been convicted of violating subdivision 5 of section 70 of the Vehicle and Traffic Law, in the Court of Special Sessions of the Village of Pelham Manor after a trial without a jury.  He was fined $100, his license was revoked and a ten-day jail sentence was imposed.  He appeals to this court alleging insufficiency of evidence, reversible errors committed at the trial and that the sentence was excessive.

The record discloses sufficient evidence to sustain the conviction.  There was a sharp conflict as to whether defendant was the operator of the automobile.  This presented a question of credibility.  The fact that one set of witnesses is believed rather than another upon an issue where the conflict between them is irreconcilable affords no ground in and of itself for interfering with the finding of the court.

The admission into evidence, over defendant's objection, of the report from Grasslands Hospital purporting to show the results of a blood test was error for two reasons: (1) there was no proof that blood tested was taken from defendant within two hours after arrest as is required by statute; and, (2) no one from that institution testified as to custody or authenticity of the report.  The police officer's testimony in that respect was hearsay.  The report, if admissible, must be shown to come from proper custody and to be an authentic record.  The admission of the report, while error, is not deemed prejudicial since there was sufficient other evidence to sustain a finding of intoxication.

Defendant further urges that it was reversible error for the village attorney to prosecute this case.  He contends that the duty of prosecuting all crimes committed within the county rests exclusively with the District Attorney and there is no authority which authorizes the village attorney to conduct the prosecution.  There is no merit to this contention.  " So far as the defendant is concerned, it is not for him to select his prosecutor." *(People v. Kramer,* 33 Misc. 209, 220.)

Historically, the District Attorney has seldom appeared in police courts, which are now the Courts of Special Sessions.  The right of the complainant to prosecute the case himself or to hire an attorney to assist him has never been doubted.  Certainly, a village attorney stands in no less a position but rather a better position, representing as he does, the police and the municipality who are in effect his clients.

Since the institution of the office of District Attorney in 1801, no reported case has been found holding that village or town attorneys or corporation counsels cannot prosecute cases in lower courts, nor has any case been found holding that private counsel cannot prosecute on behalf of a complaining witness. " * * * it is commonplace for the Magistrates to avail themselves of the services of counsel representing the complaining witnesses " (*People* v. *Scharer*, 185 Misc. 616, 617).

To say that this conviction is illegal because the prosecution was by one other than the District Attorney would require a reversal, not only of this conviction, but also a reversal of long-established and accepted procedure and practice of over a century. Prosecutions of misdemeanors and offenses in the lower courts are usually conducted by local authorities, that is, by the police, State troopers and other local public officials such as town and village attorneys and corporation counsels. They have given full co-operation and invaluable assistance in law enforcement.

Not only is there long-established precedent, but there is statutory indication that private counsel may prosecute the complainant's case in Courts of Special Sessions. Section 203 and subdivision 2 of section 702-a of the Code of Criminal Procedure clearly show that the duty to prosecute is not exclusively vested in the District Attorney.

Neither the Constitution of the State of New York, nor subdivision 1 of section 700 of the County Law, vests the function to prosecute exclusively in the District Attorney. While the said section of the County Law provides: " It shall be the duty of every district attorney to conduct all prosecutions for crimes and offenses cognizable by the courts of the county for which he shall have been elected or appointed ", it has never been construed as vesting the prosecuting function exclusively in the District Attorney. (See *Matter of Turecamo Contr. Co.*, 260 App. Div. 253, motion for leave to appeal to the Court of Appeals denied 259 App. Div. 1094, and *People* v. *Tru-Sport Pub. Co.*, 160 Misc. 628.)

Furthermore, departmental reports and decisions of the courts of this State have determined that persons other than the District Attorney may conduct a prosecution in Courts of Special Sessions. It has been held that the OPA by its own counsel could prosecute a violation of the War Emergency Act (*People* v. *Scharer, supra*) and that a conservation inspector could prosecute one accused of violation of the Conservation Laws (*People* v. *Black*, 156 Misc. 516) and that the District

Attorney is not bound to attend preliminary hearings and in his absence, or that of his assistants, private counsel might appear for the prosecutor. (*People ex rel. Howes* v. *Grady,* 66 Hun 465, affd. 144 N. Y. 685.) In 1935, County Judge GERALD NOLAN, now presiding Justice of the Appellate Division, Second Department, held that a police lieutenant of the City of Mount Vernon could prosecute a misdemeanor violation in the local court. (*People* v. *Caputo,* Westchester Co. Clerk Index No. 2492-1935.)

In *People* v. *Black (supra),* the court in construing the intent of the Legislature with respect to the exclusiveness of the District Attorney's duty to prosecute, stated at page 519: " We do not believe that the Legislature of this State sought to bring about so absurd a situation as is here presented. If it were intended that every time a rabbit be snared or a frog speared after dark that the heavy artillery of the offices of the Attorney-General or the district attorney be wheeled into action, then the said Legislature was flying in the face of common sense and upsetting a century old institution." The court went on to say at page 520: " We cannot believe that the Legislature meant this situation to arise. Whether or not it be their duty, district attorneys in rural counties, usually without assistance, cannot be called upon to prosecute these petty cases ".

In *People ex rel. Pringle* v. *Conway* (121 Misc. 620, 622), the court there said: " But if he (the district attorney) does not appear and counsel for the complainant *is* present and the magistrate elects to proceed with the hearing such action would be entirely proper, and a magistrate could avail himself of prosecutor's counsel to present the case."

In opinions of the Comptroller and Attorney-General we find expression such as, " It is not feasible or necessary for an assistant district attorney in the various counties to be regularly assigned to each justice's court. As a rule, the complainant's attorney may conduct the prosecution." (6 Op. State Comptroller, 1950, p. 177; see, also, 1 Op. State Comptroller, 1945, p. 609 and 8 Op. State Comptroller, 1952, p. 119; Opinion of Atty. Gen. [Inf.], 51 N. Y. St. Dept. Rep. 81.) These opinions involve questions as to whose duty it is to prosecute in Courts of Special Sessions.

The question presented in this case is not whose duty it is to prosecute, but rather the legality of an attorney, other than the District Attorney or Attorney-General to prosecute a criminal charge for a complainant in a Court of Special Sessions. This and related questions have been raised many times. Local officials raise the question of whose duty it is to prosecute when

they seek to be relieved of a function they performed in the past, but now find burdensome because of economic necessity due to progress, growth and increase in population. Defendants raise the question of legality, now and then, never before trial, but always after conviction. It is difficult to see what harm is caused to defendants or how they are prejudiced. Their objection amounts to the complaint that they were not prosecuted by one who is better trained, more skilled and experienced in prosecutions.

. No one questions that the District Attorney may prosecute cases in Courts of Special Sessions, but, to hold that this is his function to the exclusion of all others would revolutionize a procedure which has its sanction in antiquity and to-day has the force of law.

Defendant also urges that the sentence is excessive. He was fined the maximum, his operator's license was revoked and a ten-day jail sentence imposed. Defendant is a nineteen-year-old youth and a third-year university student. It appears that he does not drink and that his condition was an accidental occurrence and not the ordinary case of intoxication. I have examined the probation report. Defendant has never been in trouble before and appears to be of good moral character and from a family with a splendid cultural background and an excellent community reputation which he shares. The offense he committed is serious, but fortunately no one was injured. I believe he has learned a lesson. He has been punished severely by the stigma of the conviction. The imposition of the ten-day jail sentence seems unnecessary and will serve no useful purpose.

The judgment is, therefore, modified by vacating the ten-day jail sentence and as modified, the judgment is affirmed. Submit **order.**