Robert P. Mahoney, M.
The defendant is charged in the usual form of affidavit of complaint with a violation of section 2040 of the Penal Law of the State of New York. The affidavit of complaint is signed by a tenant against the defendant “ as agent of the landlord ”. A violation of that section had been a misdemeanor malum in se, until the Legislature of
*9 1954 reduced it to that of an offense and changed the penalty for its violation from a fine of $500 or six months’ imprisonment or both, to a fine of $50, or 30 days’ imprisonment or probation or all (L. 1954, ch. 733). However, the language of the section when it was a misdemeanor malum in se, remains unchanged under its new designation of an offense. The technical proof required by that language, the court is well aware, makes it practically an impossibility for a tenant, as a People’s witness, to prove a charge, for instance, of failure of a landlord, or agent of his property, to supply heat as legally required. The helplessness in a trial of the tenant signing such an affidavit of complaint, invariably a layman, as here, is frequently experienced by the court.
When a violation of section 2040 of the Penal Law was a misdemeanor, the District Attorney of the county was obliged to file and prosecute an information in the Court of Special Sessions (N. Y. City Grim. Cts. Act, § 37). That court had sole jurisdiction of an information predicated upon a violation of section 2040 of the Penal Law (N. Y. City Grim. Cts. Act, § 31).
A tenant’s helplessness as a complaining witness, along with the District Attorney’s obligation to appear and prosecute misdemeanors on behalf of the “ People of the State of New York ”, is referred to by reason of the citation, by the parties hereto, of my opinion in the case of People v. Scharer (185 Misc. 616 [1945]). There, a duly sworn Federal prosecuting officer presented the case of the violation of a Federal Office of Price Administration regulation, made the law of the State of New York by legislative act, as only an infraction, and under war emergency conditions.
Counsel here is a private practitioner and contends that ‘ ‘ the presence of counsel for the complaining witness is not just as a privilege but as a matter of right ”. 11 If there is a valid law and the defendant has breached it, any qualified attorney may conduct the prosecution in the absence of the district attorney ”. There is no provision of law or decision cited to support this assertion.
The Constitution provides the right of a defendant to be represented by counsel, but not the “ People of the State of New York”. The “ People of the State of New York ” are designated as plaintiffs in a criminal action; not a 1 ‘ complaining witness ” as such. (Code Grim, Pro., § 6.) The Attorney-General and county District Attorneys are solely designated to represent the “ People of the State of New York ” and in which courts. (Executive Law, § 63; County Law, §§ 700, 927; People ex rel. Gardiner v. Olmstead, 25 Misc. 346; Matter of Hart, 131 App. *10 Div. 661; People ex rel. Berman v. McDonnell, 269 App. Div. 864.) Nowhere is a private practitioner authorized to represent the “ People of the State of New York ” in a prosecution for the violation of any section of the Penal Law.
The defendant has raised objection to the attorney retained by the complaining witness, a layman, acting as prosecutor herein. He is well within his rights in demanding that the court comply with all provisions of the law respecting prosecution for violation of a section of the Penal Law. He is not “ selecting his own prosecutor ” as contended by the complaining witness, citing People v. Kramer (33 Misc. 209, 220), nor are the “ People of the State of New York ” deprived of counsel, since those public officers, designated by the law to represent them, may appear and prosecute the present case.
The defendant’s objection is sustained and the case returned to the Trial Part for further proceedings in accordance with law.