Van Voobhis, J.
(concurring in result). This defendant was convicted of the misdemeanor of assault in the third degree, in the City Court of Middletown, sitting as a Court of Special Sessions. It had jurisdiction under subdivision 2 of section 56 of the Code of Criminal Procedure. Her judgment of conviction was reversed, however, by the County Court, upon the ground that the prosecution was conducted by the complaining witness who was the alleged victim of the assault. She and the defendant, and another woman, fell into an altercation in the washroom of a bar and grill. Neither the District Attorney nor an assistant was present at the trial, the charge was not preferred or prosecuted by a public officer, but by the woman who claimed to have been mauled by defendant in the washroom. The defendant was represented by an attorney at the trial. The witnesses for the prosecution were examined and defendant and her witness cross-examined, not unslrillfully, by the complaining witness. Was that circumstance in itself sufficient to require reversal of the judgment of conviction?
The County Court considered that subdivision 1 of section TOO of the County Law required the District Attorney “ to conduct all prosecutions for crimes and offenses cognizable by the courts of the county ”, that the People of the State of New York and not the complaining witness are the real party in interest (Code Grim. Pro., § 6), that no one except an attorney is allowed to act as attorney or counselor at law or to receive compensation therefor in any court in the State (Penal Law, §§ 270, 271), that a lay prosecutor lacks the character of a “ quasi-judicial officer ” for the protection of a defendant’s rights and that prosecution by a complaining witness is unauthorized by statute. The opinion of the County Court recognizes that petty crimes or offenses of this nature may be prosecuted by administrative officers or attorneys other than the District Attorney (People v. CsajJca, 11 N Y 2d 253), but deemed this supposed extension of the right to prosecute to depend, in theory, upon an implied power to do so granted to the particular officer by the Legislature by virtue of an imposition on him of a duty to enforce the particular law. *64 We think that this imposes greater limitations than the Legislature intended.
Prosecution was by a Deputy Sheriff in People v. DeLeyden (10 N Y 2d 293), by a Village Attorney in People v. Leombruno (10 N Y 2d 900), by an Assistant Corporation Counsel in People v. Schildhaus (4 N Y 2d 883), and by a Deputy Town Attorney in People v. Czajka (supra). In none of those decisions, to be sure, was the prosecution by a complaining witness, but neither was it conducted by a District Attorney as would have been necessary if respondent’s interpretation of subdivision 1 of section 700 of the County Law were correct. We do not doubt that the District Attorney has the right to prosecute in any criminal action pending before a Justice of the Peace if he elects to do so before it goes to trial. Instead of insisting upon this prerogative, the District Attorney in this case is contending for a ruling that the complaining witness was entitled to prosecute, and is asking on that ground that the judgment of conviction of the defendant be reinstated subject to the power of the County Court to review”on the facts. The cases above cited do not hold that only a public officer may conduct a prosecution in a Court of Special Sessions, acting within the field of his jurisdiction outside of the City of New York, neither do they hold that it is essential to conviction that a public officer shall have represented the People. A Police Judge or Justice of the Peace is empowered to preside at the trial and it is his function to see that the trial be conducted fairly and according to law. He may request the District Attorney to appear or be represented, if he sees fit, although we think that the District Attorney is not obliged in all instances to respond to such a request. The District Attorney has not a large enough staff to attend upon all charges of misdemeanors or lesser offenses in Justices’ Courts and Police Courts in many counties throughout the State. The Attorney-General’s office has ruled that “ the prosecution may be done by a private individual or a lawyer hired by the complainant” (1945 Atty. Gen. [Inf.] 157, 158; other opinions are reported: 1958 Atty. Gen. 117; 1947 Atty. Gen. [Inf.] 59; 1937 Atty. Gen. [Inf.] 41; 1934 Atty. Gen. [Inf.] 80).
The County Court of Westchester County correctly said in People v. Wyner (207 Misc. 673, 674): “Historically, the District Attorney has seldom appeared in police courts, which are *65 now the Courts of Special Sessions. The right of the complainant to prosecute the case himself or to hire an attorney to assist him has never been doubted. ’ ’
It is an ancient right of the individual litigant to appear in propria persona written into some statutes (Civ. Prac. Act, § 236; Justice Ct. Act, § 32), which is, of course, primarily applicable to civil actions inasmuch as criminal causes are prosecuted in the name of the People of the State. The withdrawal of this right by statute in certain criminal prosecutions indicates, however, that it is not considered to be confined to civil action, but extends to criminal proceedings of a minor nature (e.g., former N. Y. City Grim. Cts. Act, § 37). The decision on appeal in the case of a trial in a Court of Special Sessions, where the individual has prosecuted without the assistance of counsel or a public officer, as in any other case, should turn on whether the defendant’s rights have been prejudiced by the course of the trial or the conduct of the Justice or Judge, instead of a categorical rule of thumb query whether an attorney or public officer “ prosecuted ”. In these courts there are certain to be situations, like the present, where the charges have not been preferred through public officials and where there would be no one but the complaining witness to press the charge which would otherwise be dropped by default. It would be impractical, nor do we consider that the statute requires that a lawyer be employed in every instance to act ad hoc under and with the consent of the District Attorney if the District Attorney or his office cannot be present. A threshold problem would almost always arise in such instances: who would compensate the lawyer?
We consider that a complaining witness has prima facie the right to conduct such a prosecution if the District Attorney does not do so, but must abide by the same rules of fairness and of law which would bind a public law officer if he were present.
We disagree with the statement in the opinion by Chief Judge Desmond that the District Attorney must know of all the criminal prosecutions in the Justices’ Courts in his county, and must either appear therein in person or by assistant or that all such prosecutions must be conducted by some public officer or private attorney with the consent of the District Attorney.
*66 The order of the County Court should be reversed and the matter remitted to the County Court to rule on the facts in its appellate capacity pursuant to section 543-b of the Code of Criminal Procedure.
Judges Dye, Burke and Scileppi concur with Chief Judge Desmond ; Judge Van Voorhis concurs in the result in a separate opinion in which Judges Fuld and Foster concur.
Order reversed and matter remitted to the Orange County Court to rule on the facts in its appellate capacity pursuant to section 543-b of the Code of Criminal Procedure.