John H. Galloway, Jr., J.
These are multiple appeals by the defendants from judgments of conviction rendered against them in the Court of Special Sessions of the Village of Mamaroneck (Zihgesser, J.) after a joint trial by jury, on June 20 and 21, 1962. Defendant Murphy was convicted on two charges of assault, third degree, and on one charge of public intoxication. On June 29, 1962 he was sentenced to 30 days in the County Penitentiary on the public intoxication charge, and on July 30, 1962 to the Elmira Reception Center for an indeterminate term on each of the assault charges to be served concur *414 rently. Defendant MacCandlish was convicted on two charges of assault, third degree, one charge of disorderly conduct and one charge of public intoxication. On June 29, 1962 he was sentenced to 30 days in the County Penitentiary on each of the disorderly conduct and public intoxication charges to be served concurrently, and on July 30, 1962 to the Elmira Reception Center for an indeterminate term on each of the assault charges to be served concurrently. Both Murphy and MacCandlish at the time of their trial were 18 years of age.
The trial commenced on June 20, 1962 at 7:30 p.m., with the selection of a jury of six which was not completed until 11:00 p.m., but not until after the panel had been exhausted, spectators in the courtroom had been summoned and patrolmen had been sent out for and had brought back persons to replenish the panel. Though disputed in the Justice’s return, defense counsel claim to have requested adjournment of the trial to another day because of the lateness of the hour, which was denied. The actual trial commenced at 11:00 p.m., and the jury retired for deliberation at 5:10 a.m., on June 21. They returned with their verdicts of guilty on all charges at 6:55 a.m.
The charges and resulting trial arose out of the actions of the defendants who, while admittedly in an intoxicated condition, entered the Mamaroneck Junior High School on May 7, 1962 at about the afternoon dismissal hour, and on the occasion of the initial arrest of defendant Murphy under the circumstances related in this court’s decision in People v. Dean Paul Murphy filed simultaneously herewith (N. Y. L. J., March 3, 1964, p. 17, col. 7).
Defendants present five affidavits setting forth 60 assignments of error, which are unnecessarily repetitive. They are heavily weighted with charges of prejudice and bias on the part of the Trial Justice, his failure to admonish outbursts from a partisan audience unfavorable to defendants, his failure to prevent the jury during three recesses from mingling and discoursing with the crowd assembled, and his allowing the trial to continue through the night and until almost 7 o’clock the following morning. On these grounds, as well as on grounds of error in the admission and exclusion of evidence, and upon the failure of the trial court to instruct the jury, as requested, that they should consider the intoxication of the defendants at the time of their alleged acts in determining the existence of intent as an element of the crimes charged, defendants challenge the fairness of their trial and its freedom from error which seriously prejudiced their substantial fights and produced the adverse verdicts of the jury.
*415 A reading of the 278-page record of the trial and some 45 pages of briefs submitted by the People and the defense conveys an atmosphere of tense community concern, indignation and pressure which, despite the judicious efforts of the Magistrate, pervaded the courtroom and heightened the intensity with which the matter was pursued by both the People and the defense.
A careful consideration of the record herein, including the prolongation of the trial for a period of eleven and one-half hours from 7:30 p.m. to 6:55 a.m. the next day, impels us to the conclusion that there was here lacking that degree of serenity and calmness so necessary in a judicial proceeding to assure to both the accused and the People alike a fair and impartial trial in fact and law.
While it appears that there was some degree of acquiescence by defendants’ counsel in the prolonged trial, and an apparent willingness on the part of the jury to enter upon the hazards of a trial commencing at an hour before midnight, involving two defendants and seven charges, we feel it was well nigh impossible for the jury to have brought to their deliberations that degree of calm and untroubled consideration and judgment required to reach a fair and just verdict on the evidence (People v. Rodgers, 205 Misc. 1106 ; People v. Rubin, N. Y. L. J., May 18, 1959, p. 15, col. 6 [Coyle, J.]).
We do not reach the other errors assigned by the defendants for reversal, since we believe the issue of the fairness and impartiality of the trial herein is, under the circumstances disclosed by this record, paramount and determinative of these appeals.
We accordingly conclude that the defendants were not accorded a fair and impartial trial. The judgments of conviction are therefore reversed, the sentences are vacated, and the matters are remanded for a new trial.