Benjamin E. Lander, J.
The instant complaint is based on section 235 of the Real Property Law in that the corporate defendant is charged with having willfully or intentionally, failed to furnish hot water service to a tenant in breach of a lease or rental agreement, a violation. The case proceeded to trial, which began on March 1, 1974 in Summons Part II and was continued on four additional afternoon sessions. On the fifth court date, counsel for the defendant moved for a mistrial on the ground that the proceeding was invalid, alleging that the complaint should properly be prosecuted by the District Attorney’s office or some other appropriate public official rather than attorney for the complainant, a private counsel.
Subdivision 1 of section 700 of the County Law provides that: * ‘ It shall be the duty of every district attorney to conduct all prosecutions for crimes and offenses cognizable by the courts of the county for which he shall have been elected or appointed * * # He shall perform such additional and related duties as may be prescribed by law and directed by the board of supervisors.”
According to section 927 of the County Law: “It shall be the duty of the district attorney of the respective counties of New York, Bronx, Kings, Queens and Richmond to prosecute all crimes and offenses cognizable by the courts of the county for which he shall have been elected or appointed * * * He shall perform the duties prescribed in section seven hundred of this chapter and such other duties as are prescribed by law.”
Although subdivision 1 of section 700 of the County Law refers to a board of supervisors, which is clearly not the situation in the City of New York, section 927 of the County Law, specifically directed to the District Attorneys of the various counties comprising New York City, expressly states that he [the District Attorney] ‘ ‘ shall perform the duties prescribed *627 in section seven hundred of this chapter.” It is the contention of the defense that the foregoing provisions are not discretionary in nature, hut that the use of the word “ shall” requires that the prosecution of all crimes and offenses be instituted by the District Attorney.
However, despite sections 700 and 927 of the County Law, it has long been common practice for the complainant to conduct the prosecution in certain cases, generally involving violations. Moreover, subdivision 1 of section 63 of the Executive Law states that the Attorney-General shall prosecute and defend all actions and proceedings in which the State is interested, so that regardless of the term ‘ ‘ shall be the duty ’ ’ in sections 700 and 927 of the County Law, the District Attorney does not, even by statute, possess exclusive prosecutorial authority. Subdivision 1 of section 63 of the Executive Law also uses the word “ shall,” although further on in the same subdivision, there is a declaration that no “ action or proceeding affecting the property or interest of the state shall be instituted, defended or conducted by any department, bureau, board, council, officer, agency or instrumentality of the state, without a notice to the attorney-general * * * so that he may participate or join therein if in his opinion the interests of the state so warrant.” Thus, notwithstanding the word “ shall ” in reference to the Attorney-General, it is clear that other State departments, bureaus, boards, etc. may also undertake legal actions or proceedings and that the Attorney-General has discretion to decide which actions and proceedings he will prosecute or defend, as the case may be.
It is the view of this court that the term ‘ ‘ shall be the duty ’ ’ is no more restrictive and exclusive where the District Attorney is involved than is the use of the same word “ shall” in connection with the Attorney-General. Further, an examination of the existing judicial authority on this issue supports the conclusion that prosecution of the instant criminal proceeding by the complainant’s attorney was proper. As the court asserted in People v. Kramer (33 Misc. 209, 220): “So far as the defendant is concerned, it is not for him to select his prosecutor. If he has committed a crime against the People of the State, it is for the People of the' State to say by whom they shall be represented on his trial.”
In People v. Black (156 Misc. 516), the defendant was accused of a violation of the game laws, a misdemeanor, for which he was tried before a justice and jury, convicted and sentenced. He challenged the validity of the judgment in that the.People’s *628 case was prosecuted by an inspector of the Conservation Department, a person admittedly not even licensed to prosecute law. In affirming the judgment, however, the court explained that (p. 519): “ We do not believe that the Leigslature of this State sought to bring about so absurd a situation as is here presented. If it were intended that every time a rabbit be snared or a frog speared after dark that the heavy artillery of the offices of the Attorney-General or the district attorney be wheeled into action, then the said Legislature was flying in the face of common sense and upsetting a century-old institution.”
The court, in People v. Scharer (185 Misc. 616), upheld the right of inspectors of the Office of Price Administration, under the New York State War Emergency Act, who were the complaining witnesses, to prosecute the defendant where apparently the District Attorney, the Attorney-General, and the Corporation Counsel all had elected not to act. According to the court (p. 617): “ it is commonplace for the Magistrates to avail themselves of the services of counsel representing the complaining witnesses ’
In People v. Wyner (207 Misc. 673), there was a prosecution for driving while intoxicated by a village attorney rather than the District Attorney. Citing People v. Kramer (33 Misc. 209, supra), the court stated that it is not for the defendant to select his prosecutor and that, historically, the District Attorney had seldom appeared in police courts or their successors, the courts of special sessions, since the ‘ ‘ right of the complainant to prosecute the case himself or to hire an attorney to assist him has never been doubted. ” (p. 674).
Further, the court stated (p. 675):
“ Since the institution of the office of District Attorney in 1801, no reported case has been found holding that village or town attorneys or corporation counsels cannot prosecute cases in lower courts, nor has any case been found holding that private counsel cannot prosecute on behalf of a complaining witness. e * * * it is commonplace for the Magistrates to avail themselves of the services of counsel representing the complaining witnesses ’ (People v. Scharer, 185 Misc. 616, 617).
“ To say that this conviction is illegal because the prosecution was by one other than the District Attorney would require a reversal, not only of this conviction, but also a reversal of long established and accepted procedure and practice of over a century.”
*629 Similarly, the court in People v. Lanni (10 Misc 2d 42), decided, in a case in which the • defendant was convicted of a violation of the Vehicle and Traffic Law, that he could not complain of unfairness in the trial where he had not been prosecuted by the District Attorney’s office, since a defendant does not have the right to choose his prosecutor. In People v. Montgomery (7 Misc 2d 294), the defendant was charged with violating a section of the Sanitary Code of the City of New York. According to a unanimous court, the Corporation Counsel could properly prosecute rather than the District Attorney in that it “ is difficult to see what harm may be caused to defendant or how she may be prejudiced.” (p. 296).
In Matter of Johnson v. Boldman (24 Misc 2d 592), an article 78 proceeding was instituted by the Mayor to compel the District Attorney to prosecute those crimes, offenses and violations of the village cognizable by the Waverly Police Court. In the opinion of the court, the word “ duty ” as used in subdivision 1 of section 700 of the County Law is surrounded by permissive and nonabsolute implications and was intended by the Legislature not so much to require action as to preserve the right to act when sound discretion dictates, and the District Attorney, who was involved in the prosecution of serious crimes and other time-consuming matters of major concern, was justified in refusing to prosecute violations of village ordinances. The District Attorney, the court stated, is a quasi-judicial officer with wide latitude in the exercise of his responsibility to prosecute crimes and offenses of a criminal nature provided there is an actual and reasonable exercise of his discretion.
The court, in People v. Apostle (30 Misc 2d 55), held that prosecution by an attorney for the Park Commission rather than the District Attorney or Attorney-General was not unlawful and did not affect the validity of the conviction. In People v. DeLeyden (10 N Y 2d 293), there was no prosecutor present at all, other than the Deputy Sheriff who had charged the defendant with speeding, and the presiding Justice himself interrogated the Deputy Sheriff after the latter had testified. The court ruled that this procedure did not constitute error. In People v. Leombruno (10 N Y 2d 900), the court affirmed a judgment in which the trial court had permitted the Village Attorney to conduct the prosecution, and in People v. Czajka (11 N Y 2d 253), the court stated that the defendant’s conviction for a traffic offense was not invalid because the charge was prosecuted by the Deputy Town Attorney, since petty crimes or offenses of this nature could be prosecuted by administrative officers and *630 attorneys other than the District Attorney. The appearance of the District Attorney’s office to prosecute a traffic infraction was also held unnecessary in Matter of Santacrose v. Bean (52 Misc 2d 167).
In People v. Van Sickle (13 N Y 2d 61), the defendant had been convicted of the misdeameanor of assault in the third degree-in the City Court of Middletown, a judgment subsequently reversed by the County Court on the ground that the prosecution had been conducted by the complaining witness who was the alleged victim of the assault. The Court of Appeals, in reversing, declared that it was not error to permit a lay complaining witness to conduct the prosecution and that while, pursuant to subdivision 1 of section 700 of the County Law, the District Attorney must establish a system whereby he knows of all the criminal prosecutions in his county and either appears therein in person or by assistant or consents to an appearance on his behalf by other public officers or private attorneys, that the ‘£ statute does not necessarily mean that the District Attorney or his deputy must be physically present at every criminal hearing in the county.” (p. 62). The concurring opinion pointed out that the “ Attorney-General’s office has ruled that1 the prosecution may be done by a private individual or a lawyer hired by the complainant ’ (1945 Atty. Gen. [Inf.] 157,158; other opinions are reported: 1958 Atty. Gen. 117; 1947 Atty. Gen. [Inf.] 59; 1937 Atty. Gen. [Inf.] 41; 1934 Atty. Gen. [Inf.] 80).” (P.64.)
There are, it is true, several cases which have held to the contrary. (See People v. Rodgers, 205 Misc. 1106 and People v. Schildhaus, 8 Misc 2d 8.) In People v. Halbreich (18 Misc 2d 473), the opinion of the court questioned the practice of allowing persons other than the District Attorney to prosecute even a traffic offense, but while the entire three-man court concurred in the result, two of the members dissented from just this portion of the opinion, and even the opinion itself asserted that from ££ a reading of these sections of the County Law [§§ 700, 927] it would seem that the only proper prosecuting authority for even a traffic offense * * * would be the District Attorney of the particular county. * * * Nevertheless this court cannot close its eyes to a practice that has developed for decades in our Magistrates’ Court in this city, where officials other than the District Attorney have prosecuted all sorts of cases in both the Magistrates’ Court and even in this court * * * When this question was presented recently inter alia, to our Court of Appeals, that learned court affirmed the conviction without *631 opinion (People v. Schildhaus, 4 N Y 2d 883). In view of the Court of Appeals’ action on this question, and since the result of this appeal is not dependent thereon, no further comment will be made.” (Pp. 474-475.) In People v. Schildhaus (4 N Y 2d 883), the defendant had been convicted of violations under the Sanitary Code, and he contended that his prosecution by the Corporation Counsel had been unlawful, but the Court of Appeals affirmed the judgment.
Thus, it is clear that the overwhelming weight of authority supports the view that the absence of representation from the District Attorney’s office does not invalidate the procedure, certainly where a violation or petty offense is involved. Moreover, the defendant has not alleged nor, in any way, demonstrated prejudice. Considering the huge case load with which the District Attorney’s office is burdened, the District Attorney must of necessity use his discretion to decide the types of crimes and offenses, given the limited nature of his staff and resources, he will emphasize and prosecute. If the District Attorney finds himself unable to prosecute certain petty offenses in the Summons Part, this does not mean that the defendant has the right not to be prosecuted at all. A holding that the District Attorney must be physically present at all such trials would work a great injustice to the spirit of the law, on persons who feel themselves aggrieved but might otherwise have no other recourse, and would revolutionize a procedure with the sanction of a long tradition and which today has the force of law. (People v. Wyner, 207 Misc. 673, supra.) Moreover, since the District Attorney is certainly aware of the existence of the Summons Parts, where complaints are commonly instituted by private persons and prosecutions conducted by them or their personal counsel, he has to that extent exercised his discretion not to prosecute such petty offenses and, by implication, has approved and acquiesced in the practice.
Finally, it must be noted that the attorney for the defense did not object to the instant prosecution until well into the trial. Having proceeded so long without complaining about the absence of the District Attorney in the case, this court is of the view that by having failed to make timely objection, and there being no evidence of any prejudice to the defendant, the defendant is now precluded from complaining of the irregularity, if there is any. (See People v. Apostle, 30 Misc 2d 55, supra, and State v. Vaughner, 76 N. J. Super. 594.)
For all of the foregoing reasons, the defendant’s motion is denied.