ROLAND READ, Respondent, v DOMINICK SACCO, Appellant.

Second Department, November 24, 1975

*Greenblatt & Neuman, P. C.,* for appellant.

*Finkelstein, Mauriello, Kaplan & Levine, P. C. (Howard Karger* and *Sheila Callahan* of counsel), for respondent.

HOPKINS, Acting P. J. The plaintiff sues to recover damages for personal injuries claimed to have been suffered by him as the result of an assault and battery. After the initiation of the action the defendant was convicted on the complaint of the plaintiff of the crime of assault in the third degree, after a jury trial, in the Justice Court of the Town of Newburgh and was sentenced to a fine of $25. The conviction was affirmed by the Appellate Term and leave to appeal was denied by the Court of Appeals.[1] Thereafter, the plaintiff moved for summary judgment and the motion was granted on the theory that the material issues had been litigated and determined against the defendant in the criminal proceeding. On reargument, the Special Term adhered to the determination. The defendant has appealed. We affirm. Under the doctrine of collateral estoppel the defendant cannot contest again the essential issues of an intentional assault.

Both the criminal proceeding and this action grew out of an altercation between the parties occurring on July 23, 1971. During the affray the defendant struck the plaintiff, inflicting blows of such a nature that the plaintiff was hospitalized. The plaintiff then brought this action on July 31, 1971 and also filed the criminal complaint against the defendant, charging him with assault in the third degree.

At the trial of the criminal charge in the Justice Court, the plaintiff's attorney in this action acted as prosecutor. Besides the plaintiff, three other witnesses to the altercation testified at the trial, as well as the defendant. Counsel for the defendant cross-examined the plaintiff regarding the civil action, eliciting the claims made by the plaintiff in his complaint, including the demand for $225,000 as damages. In his summation to the jury in the criminal proceeding the defendant's counsel referred to the pending civil suit as a motive for the criminal charge.

The verdict of guilty found by the jury against the defendant, affirmed on appeal, was the ground upon which the Special Term rested its determination to grant summary judgment in favor of the plaintiff, citing *S. T. Grand, Inc. v*

---

1. Subsequent to that appeal, the defendant moved by way of *coram nobis* to vacate the conviction. The motion was denied and the Appellate Term denied leave to appeal therefrom.

*City of New York* (32 NY2d 300). The defendant on this appeal contends that inconsistencies between the plaintiff's testimony at the trial in the criminal proceeding and his bill of particulars and examination before trial in this action preclude the use of collateral estoppel, since the defendant is entitled to a full and fair hearing on the issue of his civil liability. Moreover, the defendant urges that the prosecution of the criminal charge by the plaintiff's attorney violated the tenets of due process.

As we see it, both of these contentions directly involve the conditions under which collateral estoppel arising out of a verdict in a criminal proceeding will be applied to the issues bound up in a civil action. At one time in New York the conviction in a criminal case was merely prima facie evidence of the facts in a civil action *(Schindler v Royal Ins. Co.,* 258 NY 310; Ann 18 ALR2d 1287, 1301). That rule was changed in *S. T. Grand, Inc. v City of New York supra).* There it was made clear that the conviction is conclusive proof of the same facts necessarily implicated in the civil litigation, provided that a full and fair opportunity had existed to contest the issues in the criminal proceeding (p 304). Again, in *Vavolizza v Krieger* (33 NY2d 351, 356), the two requirements for the use of collateral estoppel—the identity of the issues and the prior opportunity to meet the issues—were reaffirmed. "Collateral estoppel means simply that, when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit *(Ashe v Swenson,* 397 US 436, 443, 445; see *People v Cunningham,* 62 Misc 2d 515, 519)" *(Matter of McGrath v Gold,* 36 NY2d 406, 411).

It is true that in both *Grand* and *Vavolizza* the doctrine of collateral estoppel was applied to bar a litigant from pursuing a remedy rather than, as here, to aid a litigant in pursuing a remedy. We do not view this distinction as vital. The means to which the estoppel is put—whether as an offensive weapon or as a defensive shield—is not controlling, any more than the outworn requisite of mutuality now has decisive importance (cf. *B. R. DeWitt, Inc. v Hall,* 19 NY2d 141; see, generally, Ann 31 ALR 3d 1044, 1079). The reason underlying the use of estoppel is the need for the stability of judgments and the economy of judicial time, which emerge from the concept that, once fairly tried, an issue resolved should not be subject to retrial. Nevertheless, in every case the question of fairness—

an inherent element of due process—in the application of the doctrine must be the crowning consideration (cf. *O'Connor v O'Leary,* 247 Cal App 2d 646).

Fairness, for example, implies that the litigant in the prior proceedings had full opportunity to contest the decision now invoked against him *(Schwartz v Public Administrator of County of Bronx,* 24 NY2d 65, 71). In testing the fairness of the earlier litigation, the presence of counsel in behalf of the losing party, the regularity of the procedures (cf. Currie, Mutuality of Collateral Estoppel: Limits of the *Bernhard* Doctrine, 9 Stan L Rev 281, 316, 321), the adequacy of those procedures in the particular case and the limits of the jurisdiction in the first court are all significant and helpful guides. In fine, collateral estoppel should not be blindly applied to multiple litigation on the basis of a rigid rule; each case must be examined to determine whether, under all the circumstances, the party said to be estopped was not unfairly or prejudicially treated in the litigation in which the judgment sought to be enforced was rendered.

Here, the Justice Court was the proper tribunal to try the charge of assault in the third degree, the defendant was represented by retained counsel, the evidence was heard by a jury and the regularity of the proceedings was reviewed on appeal. The defendant's contention that inconsistencies exist between the plaintiff's testimony at the prior trial and his present position in this suit has little basis in fact. Details of the assault may not have been exactly recounted by the plaintiff on each occasion to which the defendant alludes, but the chief circumstances of the assault were adhered to by the plaintiff in both the criminal and civil cases. The proof required for a conviction of assault in the third degree is nearly the same as that required for a cause of action to recover for personal injuries sustained by an intentional assault (see, e.g., *Newman v Larsen,* 225 Cal App 2d 22 [per BURKE, P. J.]).

The defendant impugns the fairness of the criminal proceedings because he was prosecuted by the attorney representing the plaintiff in this action. The defendant argues that a prosecutor should be disinterested, not actuated by an ulterior objective in obtaining a conviction; he says that in the criminal case leading to his conviction the prosecutor obviously was impelled by the desire to secure money damages on behalf of the plaintiff. This improper interest, the defendant claims, necessarily conflicted with the duties of a prosecutor to deal

firmly but fairly with an accused (see *People v Rodgers,* 205 Misc 1106; *People v Vlasto,* 78 Misc 2d 419).

Section 700 of the County Law prescribes that the District Attorney shall conduct all prosecutions for crimes within his county; private attorneys are commanded not to use criminal proceedings to gain advantage in civil actions (Code of Professional Responsibility, DR7-105). In some of the counties in this State the office of the District Attorney is not sufficiently staffed to prosecute all charges in the Justices' Courts (cf. *People v Wyner,* 207 Misc 673) and this state of affairs apparently obtains in Orange County. Under these circumstances, a victim of an assault has little choice: he must either represent himself in a criminal prosecution or retain an attorney for that purpose. There may, indeed, be lurking in his mind the object to acquire a judgment for money damages at a later date, but that alone should not defeat the prosecution (see *People v Van Sickle,* 13 NY2d 61)[2] or prevent the use of the conviction as a foundation for collateral estoppel. The query in such a situation must be, as was pointed out in *People v Van Sickle (supra,* p 65 [concurring opinion]), whether "the same rules of fairness and of law which would bind a public law officer if he were present" were observed by the private attorney during the criminal trial.

We note that the defendant and his counsel did not object to the appearance of the plaintiff's attorney in the civil action to prosecute the criminal charge. We do not think that the failure to object constitutes a waiver per se of the present contention assailing the application of the conviction as an estoppel, but we consider the failure to object as a factor in assessing the fairness of the criminal trial. Our primary concern, rather, is whether in his zeal for his client the plaintiff's attorney infringed the defendant's right to a fair trial in the criminal proceedings. We are not persuaded by the record before us, or through the suggestions of the defendant, that the defendant did not receive a fair trial in the Justice Court. In point of fact, the plaintiff's civil action for damages was prominently relied on by the defendant as a ground of defense in attempting to undermine the plaintiff's credibility and his motive in bringing the criminal charge.

That we countenance the use of collateral estoppel against the defendant does not mean that we approve the procedure

---

2. The County of Orange was also the setting of the appeal in *Van Sickle.*

followed in this litigation. Clearly, the preferable and approved practice is that the attorney representing a litigant in a civil action should not be the prosecutor of the opposing party in a criminal proceeding arising out of the same subject matter. The conflicts implicit in such a case may create a course of conduct prejudicial to the defendant and violate the dictates of due process. Neither the conviction itself nor the use of the conviction as an estoppel should stand against a finding of the existence of such a course of conduct.

Our review of the proceedings here, however, would not support such finding and we are not convinced by the defendant's arguments that he was not afforded due process. Under the circumstances in this case, collateral estoppel applies and summary judgment was properly granted to the plaintiff based on the defendant's conviction arising out of the identical facts.

Accordingly, the order should be affirmed insofar as appealed from, with $50 costs and disbursements.

MARTUSCELLO, COHALAN, CHRIST and MUNDER, JJ., concur.

Order affirmed insofar as appealed from, with $50 costs and disbursements.