*872 OPINION OF THE COURT
Paul H. Blaustein, J.
Madelyn and Vito Luceno (the Lúcenos) have filed a traffic information alleging that defendant Patrolman Cuozzo committed certain trafile offenses, and their attorney seeks leave of this court to act as prosecutor.
By way of background, an automobile accident occurred between Madelyn Luceno (herein Luceno) and Patrolman Cuozzo, and a traffic information was filed, charging her with the infraction of unsafely changing lanes. Her attorney appeared at the arraignment and, in addition to denying guilt, asked to allow this proceeding to continue against Patrolman Cuozzo. Patrolman Cuozzo, represented by the Corporation Counsel of White Plains, filed a motion to dismiss the information, on the grounds that any traffic prosecution must be conducted by or with the permission of the Westchester County District Attorney’s office or the Corporation Counsel of the City of White Plains. To meet the issue directly, Luceno filed a cross motion, asking leave of this court for permission to proceed with the prosecution of this information against Patrolman Cuozzo through her private attorney.
The document filed by the Lúcenos has been styled a summons. It has been received by this court and, for purposes of this proceeding, will be construed as a traffic information. Patrolman Cuozzo has appeared by his attorney and, thus, there is no deficiency as to personal jurisdiction. Essentially, Luceno has charged Patrolman Cuozzo with causing the accident.[1]
This court informed the District Attorney of this proceeding and afforded him the opportunity to appear or to express his views as amicus. However, the District Attorney declined *873 without either opposing or consenting to the prosecution by Luceno as a private attorney.
The fundamental issue presented is whether a party who has committed a traffic offense and has been properly served with a first traffic information and summons may then act privately as a prosecutor of a different but related traffic offense against a police officer partly or wholly responsible for the first information.
One of the objections to a private attorney conducting a criminal proceeding is that he will not act with the objectivity and fairness of a District Attorney, who is a quasi-public officer. (People v Rodgers, 205 Misc 1106.) A second objection is based on the view that since the District Attorney is the sole elected public officer responsible for criminal prosecutions, he or his office should initiate or consent to the initiation of all criminal proceedings.
Yet, under the authorities, neither of these objections is sufficient to bar the private attorney as prosecutor. In People v Wyner (207 Misc 673), the Village Attorney prosecuted a defendant for a violation of the Vehicle and Traffic Law. In sanctioning such prosecutions by the Village Attorney, the court held that while the District Attorney may have the duty to prosecute all crimes in his jurisdiction, "[t]he right of the complainant to prosecute the case himself or to hire an attorney to assist him has never been doubted.” (207 Misc, at p 674.)
"Neither the Constitution of the State of New York, nor subdivision 1 of section 700 of the County Law, vests the function to prosecute exclusively in the District Attorney. While the said section of the County Law provides: Tt shall be the duty of every district attorney to conduct all prosecutions for crimes and offenses cognizable by the courts of the county for which he shall have been elected or appointed’, it has never been construed as vesting the prosecuting function exclusively in the District Attorney.” (207 Misc, at p 675.)
Wyner first referred to People v Scharer (185 Misc 616), a case involving an attorney from the Office of Price Administration, acting as prosecutor, for the proposition that "it is commonplace for the Magistrates to avail themselves of the services of counsel representing the complaining witnesses” (207 Misc, at p 675). (Emphasis ours.)
Wyner also referred to People ex rel. Pringle v Conway (121 Misc 620, 622), where the court there said: " 'But if he (the *874 district attorney) does not appear and counsel for the complainant is present and the magistrate elects to proceed with the hearing such action would be entirely proper, and a magistrate could avail himself of prosecutor’s counsel to present the case.’” (207 Misc, at p 676; emphasis ours.)
In People v Van Sickle (13 NY2d 61), a case involving assault in the third degree, the Court of Appeals unanimously reversed the County Court of Orange County, which had held that a complainant could not prosecute a complaint on his own behalf in the City Court of the City of Middletown. The two concurring opinions of the Court of Appeals have presented some doubt as to whether the District Attorney has the exclusive jurisdiction to either prosecute or approve some or all criminal proceedings.
In two decisions of the Criminal Court of the City of New York, People v Citadel Mgt. Co. (78 Misc 2d 626, revd on other grounds 80 Misc 2d 668) and People v Vlasto (78 Misc 2d 419), different interpretations of Van Sickle were rendered.
In Vlasto the court was concerned with the intendment of Van Sickle[2] and held that the prosecution of a serious crime by private counsel was unauthorized; but by way of caveat, the court stated that prosecution for a petty offense by private counsel was an unresolved issue. (78 Misc 2d, at p 428.)
Yet in Citadel the court relied on Wyner (supra), as well as other pre-Van Sickle decisions in holding that private complainants may prosecute at least petty criminal offenses. The court’s reasoning is expressed, reading (78 Misc 2d, at p 631): "Thus, it is clear that the overwhelming weight of authority supports the view that the absence of representation from the District Attorney’s office does not invalidate the procedure, certainly where a violation or petty offense is involved. Moreover, the defendant has not alleged nor, in any way, demonstrated prejudice. Considering the huge case load with which the District Attorney’s office is burdened, the District Attorney must of necessity use his discretion to decide the types of crimes and offenses, given the limited nature of his staff and resources, he will emphasize and prosecute. If the District *875 Attorney finds himself unable to prosecute certain petty offenses in the Summons Part, this does not mean that the defendant has the right not to be prosecuted at all. A holding that the District Attorney must be physically present at all such trials would work a great injustice to the spirit of the law, on persons who feel themselves aggrieved but might otherwise have no other recourse, and would revolutionize a procedure with the sanction of a long tradition and which today has the force of law. (People v. Wyner, 207 Misc. 673, supra.)”
The Appellate Division considered Van Sickle in Read v Sacco (49 AD2d 471). Here, a civil action was brought against defendant to recover damages suffered by plaintiff as a result of an assault and battery. Plaintiff’s attorney had previously acted as prosecutor against defendant in a criminal proceeding of the crime of assault, in the third degree. After a jury trial, defendant was convicted and the Appellate Term affirmed. In this civil action, the main defense was that the prosecution of the criminal charge by a private attorney was unauthorized. In holding for the plaintiff, the Appellate Division construed Van Sickle as not changing the established rule enunciated in Wyner. "Section 700 of the County Law prescribes that the District Attorney shall conduct all prosecutions for crimes within his county; private attorneys are commanded not to use criminal proceedings to gain advantage in civil actions (Code of Professional Responsibility, DR7-105). In some of the counties in this State the office of the District Attorney is not sufficiently staffed to prosecute all charges in the Justices’ Courts (cf. People v Wyner, 207 Misc 673) and this state of affairs apparently obtains in Orange County. Under these circumstances, a victim of an assault has little choice: he must either represent himself in a criminal prosecution or retain an attorney for that propose. There may, indeed, be lurking in his mind the object to acquire a judgment for money damages at a later date, but that alone should not defeat the prosecution (see People v Van Sickle, 13 NY2d 61) or prevent the use of the conviction as a foundation for collateral estoppel. The query in such a situation must be, as was pointed out in People v Van Sickle (supra, p 65 [concurring opinion]), whether 'the same rules of fairness and of law which would bind a public law officer if he were present’ were observed by the private attorney during the criminal trial.” (49 AD2d, at p 475.)
*876 Based on these authorities, this court holds that the District Attorney does not have exclusive jurisdiction to initiate or approve all criminal proceedings.[3] However, that does not dispose of the issue presented.
While the prior decisions have referred to the "right” of a private person to act as a prosecutor, their analysis rests on the assumption that the court has the discretion as to whether to allow a private attorney to continue with the prosecution. Magistrates may "avail themselves of the service of counsel” and therefore the Magistrates may "elect to proceed” as noted in Wyner, relying on People ex rel. Pringle v Conway and Scharer (supra).
Private attorneys must show fairness and objectivity of the same caliber as the District Attorney. This factor militates against their conduct of a criminal proceeding. On the other hand, there may be matters which private persons should be allowed to prosecute because the District Attorney for one or more reasons will not or cannot act. Cases which present important public issues, rank unfairness or injustice should not be kept from judicial scrutiny. The court is in a better position to control the unusual case by the exercise of discretion than in fashioning an absolute rule that in all cases or in no cases can such private attorney proceed.
In this case, a defendant is charged with a traffic violation. In addition to protesting innocence, defendant’s attorney brings a criminal action against the police officer, charging him with traffic offenses. While the offenses involved here are infractions, i.e., a petty offense, and not crimes, the foregoing law applies, since the entire proceeding is deemed to be a criminal action. (CPL 1.20, subds 4, 5, 39; 100.10 subds 1, 2, par [a].)
Exercising its discretion, this court is of the opinion that the filing of a criminal action by a defendant or the defendant’s attorney will interfere with both the administration and conduct of police activities as well as the conduct of vehicle and traffic matters in this court. The filing of a criminal action against a police officer on allegations of fact which arise out of the same transaction or occurrences from which a defendant is charged, places the police and the prosecuting *877 police officers at a severe tactical disadvantage in court proceedings.
If Luceno’s innocence is established at trial and if the police have in some way violated her rights by false arrest or otherwise, then Luceno’s resourceful counsel can file separate and conventional litigation seeking redress. This court does not believe it would be proper to allow tactical diversions to be created against the orderly processing of vehicle and traffic matters by sanctioning what may be termed a criminal counterclaim or countersuit.
Further, it is virtually impossible to ask Luceno’s defense attorney, or any defense attorney so situated, to act with objectivity and complete impartiality as a prosecutor in a criminal proceeding against a police officer who is responsible for the charge against his client. The conflict of interest here is explicit. (See Read v Sacco, 49 AD2d 471, 476, supra.) For this reason also, the information should be dismissed.
Accordingly, the motion of the Corporation Counsel on behalf of Patrolman Cuozzo dismissing the summons and information filed against Patrolman Cuozzo is granted, and the motion by Luceno asking the court to allow the prosecution against Patrolman Cuozzo is dismissed.

. Luceno’s information alleges that Patrolman Cuozzo violated the following provisions of the Vehicle and Traffic Law:
"§ 1129(A), following too closely, to wit, at the above date and time, the defendant did operate a motor vehicle and did follow another vehicle more closely than is reasonable and prudent under the circumstances then and there existing;
"§ 1180(A), violation of speed restrictions, to wit, at the above date and time, the defendant did operate a motor vehicle at a speed greater than was reasonable and prudent under the circumstances and conditions then and there existing;
"§ 1180(D), violation of speed restrictions, to wit, at the above date and time, the defendant did operate a motor vehicle at a speed greater than the established maximum speed limits on said roadway. Defendant’s vehicle was traveling 45 miles per hour in a 40 miles per hour zone.”

. "It is difficult to reconcile the holding of People v. Van Sickle (supra), that a conviction would not be set aside because the complaining witness was allowed to conduct the prosecution, with the statement in the majority opinion that the District Attorney must appear either in person in all prosecutions or by public officers or private attorneys with his consent.” (78 Mise 2d, at pp 424-425; emphasis by the court.)

. If the District Attorney had disapproved of this proceeding, a different question would be presented.