■ DAVID C. GILBERG, Respondent, v JOSEPH P. BARBIERI, Appellant.—In an action to recover damages for personal injuries, etc., arising out of an assault, defendant appeals from an order of the Supreme Court, Westchester County, dated July 13, 1979, which granted plaintiff's motion for summary judgment on the issue of liability. Order affirmed, with $50 costs and disbursements. Plaintiff's motion for summary judgment is based upon the doctrine of collateral estoppel. It is well established that to invoke collateral estoppel, " 'There must be [1] an identity of issue which has necessarily been decided in the prior action and is decisive of the present action, and [2] a full and fair opportunity to contest the decision now said to be controlling' " (*S. T. Grand, Inc. v City of New York,* 32 NY2d 300, 304; *Schwartz v Public Administrator of County of Bronx,* 24 NY2d 65, 71; *Read v Sacco,* 49 AD2d 471, 473). In the instant case, the record establishes that the facts upon which the defendant's conviction for the violation of harassment rested are the identical facts which must be proved for plaintiff to recover damages for personal injuries sustained by an intentional assault. In addition, defendant was afforded a full and fair opportunity to contest the accusation of harassment at his trial. Under these circumstances, the conviction of harassment is conclusive proof of the defendant's liability in the subsequent action to recover damages for intentional assault (see *S. T. Grand, Inc. v City of New York, supra*). Accordingly, his liability is established as a matter of law. Hopkins, J. P., Titone and Lazer, JJ., concur.

Gibbons, J., dissents and votes to reverse the order and deny the motion, with the following memorandum: In this action to recover damages in the

amount of $250,000, the plaintiff alleges that during an altercation between the parties in his office the defendant beat him by striking him with his "fists, hands and body". Prior to the commencement of this action, the defendant, upon plaintiff's complaint, was convicted of the offense of harassment (Penal Law, § 240.25, subd 1), arising out of the same altercation, after a nonjury trial in the Mount Vernon City Court in which the Trial Judge found the defendant guilty "of using physical force against" the plaintiff. On plaintiff's motion for summary judgment, he asserted that there is no triable issue presented for the reason that the defendant is collaterally estopped from again litigating the same issue herein by virtue of the judgment of the Mount Vernon City Court convicting him of the offense of harassment. In opposing this motion, the defendant claimed, *inter alia,* that to permit the plaintiff to use the City Court judgment to collaterally estop him from litigating the issues in this action would be to deprive him of his constitutional right to a jury trial and, further, that due to the status of the offense of harassment as a violation, the defendant's case was handled in a summary fashion in the City Court as opposed to the safeguards of a complete trial on the merits before a jury as would be afforded the defendant in this action in the Supreme Court. The plaintiff's motion for summary judgment on the issue of liability was granted by Special Term and the court directed that the matter proceed for an assessment of damages. The question now presented is whether a judgment of conviction of the violation of harassment under subdivision 1 of section 240.25 of the Penal Law, rendered after a nonjury trial in the City Court of Mount Vernon, may collaterally estop a defendant from litigating the issues in the Supreme Court in an action for damages arising out of the same altercation. I think not for the following reasons: Under the Sixth and Seventh Amendments of the United States Constitution and section 2 of article I of the New York Constitution, trial by jury is guaranteed. CPLR 4101 (subd 1) expressly provides that issues of fact in a civil action which may result in a judgment for a sum of money only, as is the case here, shall be tried by jury unless waived. Such right, however, is not accorded to a defendant in a prosecution for the offense of harassment. Under section 240.25 of the Penal Law, harassment is designated as "a violation", and subdivision 3 of section 10.00 of the Penal Law declares that " 'Violation' means an offense, other than a 'traffic infraction,' for which a sentence to a term of imprisonment in excess of fifteen days cannot be imposed." Inasmuch as the maximum punishment for the offense of harassment is imprisonment for a period of less than six months and, therefore, below the grade of a misdemeanor and not deemed to be a "serious offense", there is no right to trial by jury *(Duncan v Louisiana,* 391 US 145, 154; *Baldwin v New York,* 399 US 66; CPL 340.40). The resolution of the question presented involves a consideration and a balancing of two conflicting factors. On the one hand, the defendant's constitutional right to a jury trial of the issues in the instant case are both vested and inalienable. On the other hand, although he was not entitled to a jury trial on the harassment charge in the Mount Vernon City Court, shall that determination, which concededly was a trial of a petty offense without the benefit of a jury, be elevated to the point where its finding becomes a binding and conclusive force in the adjudication of the present action, in which the claim is made for a substantial amount of money damages? I am of the view that under the circumstances of this case, the defendant's constitutional rights must be accorded a paramount position. By granting summary judgment to the plaintiff on the theory of collateral estoppel, Special Term not only improperly ignored defendant's constitutional right to a trial by jury, but

attempted to apply *the summary determination of a minor offense* as conclusive in the disposition of a *substantial damage claim* pending in the Supreme Court where the parties are afforded the safeguards of all pretrial and trial procedures provided for in the CPLR. Such a rule would create a counterproductive precedent by inviting a multitude of lawsuits for damages if a conviction for the petty offense of harassment following a nonjury trial in the City Courts were permitted to stand as a predicate for a summary judgment disposition, without a trial, of damage actions. In *Read v Sacco* (49 AD2d 471), this court held that a conviction for assault in the third degree following a trial in the Justice Court of the Town of Newburgh constituted a collateral estoppel of the same issue in a subsequent action for damages in the Supreme Court. However, as distinguished from the instant matter, that prosecution involved a class A misdemeanor and the trial was by *jury*. Although there are situations where a judgment following a nonjury determination may constitute a basis for *res judicata* or collateral estoppel, as, for example, in matters determined in the Court of Claims *(Jones v Young,* 257 App Div 563; *Chaffee v Lawrence,* 282 App Div 875), it must be noted that the doctrine of collateral estoppel in those cases was applied *against the person who in the first instance selected that forum* which does not provide for a jury trial. The court pointed out in both cases that plaintiff could not be heard to complain of a deprivation of a jury trial because it was the plaintiff who voluntarily instituted the proceeding in that court. Here, it may not be said that the defendant had any choice in the selection of a forum which did not provide for a jury trial of the issues. In an arbitration proceeding, the award may also be the predicate for a claim of collateral estoppel *(Rembrandt Inds. v Hodges Int.,* 38 NY2d 502; *Matter of Weinberger [Friedman],* 41 AD2d 620; *Matter of Grand Bahama Petroleum Co. v Asiatic Petroleum Corp.,* 550 F2d 1320); however, it must be remembered that such remedy was by agreement of the parties who by implication elected to obtain a resolution of their dispute without the aid of a jury. Of course, where arbitration by agreement does not exist, as, for example, under the new rules for mandatory arbitration of civil suits not in excess of $6,000 under 22 NYCRR Part 28, as re-enacted effective January 2, 1980, specific provision is made to preserve the right to a jury trial in section 28.12 by providing upon demand "for [a] trial *de novo* in the court where the action was commenced or, if the action was transferred, the court to which it was transferred, *with or without jury"* (emphasis supplied). Apart from any consideration of the impairment of the defendant's constitutional right to a jury trial under the circumstances of this case, it should be noted that for sound public policy reasons neither a conviction for a traffic violation or infraction may be used as evidence or collateral estoppel in a subsequent action for damages *(Montalvo v Morales,* 18 AD2d 20; *Augustine v Village of Interlaken,* 68 AD2d 705), nor may a judgment rendered in a small claims action be given collateral estoppel effect. (See 5 Weinstein-Korn-Miller, NY Civ Prac, par 5011.18, p 50-108.) The same reasoning and limitation should be applied to a judgment of conviction of the violation of harassment rendered in a City Court after a nonjury trial. Here, not only did the defendant get a summary disposition of the harassment charge without benefit of a jury, but his rights with respect to this very substantial claim against him were summarily disposed of by motion, leaving nothing to be resolved but how much he will be required to pay. Justice demands greater concern for a litigant's rights.